BARKER, APPELLANT, *v.*
SCOVILL, INC., SCHRADER BELLOWS DIVISION, APPELLEE.

[Cite as Barker *v.* Scovill, Inc. (1983), 6 Ohio St. 3d 146.]

(No. 82-1150—Decided August 3, 1983.)

*Messrs. Roderick, Myers & Linton* and *Ms. Deborah L. Cook,* for appellant.

*Squire, Sanders & Dempsey, Mr. Timothy J. Sheeran* and *Mr. L. Lee Boatright,* for appellee.

LOCHER, J. The sole issue presented in this case at bar is whether appellee, in allegedly discharging appellant from her employment, violated R.C. 4101.17 which, in essence, prohibits age-motivated hirings and firings.[1] Finding the subject termination not to have been based on a violation of the statute, we affirm the appellate court's decision.

The instant action is one wherein the controversy is over ends, not means. Neither party disputes the fact that the analytical framework for determining the legality of appellee's action has been properly set forth in *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192 [20 O.O.3d 200]. This court in *Plumbers,* a case involving averments of racially discriminatory employment practices in contravention of R.C. 4112.02(A),[2] itself adopted the evidentiary standards and guidelines which the United States Supreme Court enunciated in *McDonnell Douglas* v. *Green* (1973), 411 U.S. 792.

As modified to fit a claim of age-based wrongful discharge, *Plumbers* and

---

[1] R.C. 4101.17(A) provides:

"No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

[2] R.C. 4112.02 reads in relevant part:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, * * * that person * * *."

*McDonnell Douglas* require first that the plaintiff establish a prima facie violation of R.C. 4101.17, by showing (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or his discharge permitted the retention of, a person who did not belong to the protected class. See *Ackerman* v. *Diamond Shamrock Corp.* (C.A. 6, 1982), 670 F. 2d 66, 69; *Marshall* v. *Goodyear Tire & Rubber Co.* (C.A. 5, 1977), 554 F. 2d 730, 735-736.

In order to avoid an adverse finding, the employer-defendant must then, under the second step of the *Plumbers* and *McDonnell Douglas* analysis, provide a legitimate, nondiscriminatory reason for plaintiff's discharge. Finally, if defendant does advance permissible grounds for the dismissal, plaintiff must counter and prove by a preponderance of the evidence that the reasons which defendant articulated for the firing were merely a pretext for unlawful discrimination. *Plumbers, supra; McDonnell Douglas, supra; Texas Dept. of Community Affairs* v. *Burdine* (1981), 450 U.S. 248. Thus, a failure either to set forth facts which constitute a prima facie case of employment discrimination or to issue the requisite evidentiary rejoinder to the asserted lawful basis for the subject discharge mandates the dismissal of an R.C. 4101.17 action. In the case at bar, appellant has failed in both respects.

First, appellant did not establish a prima facie case of age discrimination as she failed to prove that she had been discharged. It is uncontroverted that appellant was offered three options vis-a-vis her employment status and that she voluntarily chose to be terminated with severance pay. In *Ackerman* v. *Diamond Shamrock Corp., supra,* the Sixth Circuit Court of Appeals found that a fifty-nine year old plaintiff who opted for retirement with enhanced benefits rather than dismissal had not been discharged within the context of the Age Discrimination in Employment Act, Sections 621 *et seq.,* Title 29, U.S. Code.[3] Clearly, the instant action presents an even more compelling case for finding that no discharge occurred as appellant herein was not only offered both termination with severance pay and layoff options, but was also given the opportunity to transfer to another plant. Indeed, appellant confessed that her refusal to accept the transfer was not based on the inherent undesirability of the offered employ; it was predicated on her belief that she "* * * could duplicate * * * [her] salary some place else." Appellant made a conscious, well-informed, uncoerced decision. She should not now be allowed to cry foul.

Even assuming *arguendo* that appellant did state a prima facie case of age discrimination in her alleged discharge, she still failed to disprove the authenticity of appellee's assertion that she was dismissed for a legitimate

---

[3] As relevant herein, Section 623(a), Title 29, U.S. Code provides:

"It shall be unlawful for an employer —

"(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age * * *."

reason, *i.e.,* business necessity. In applying Section 623(a), Title 29, U.S. Code, the federal counterpart to R.C. 4101.17, courts have held on numerous occasions that economic distress is a permissible basis for discharging employees, regardless of their age, as long as such discharges are implemented in a nondiscriminatory fashion. *Sahadi* v. *Reynolds Chemical* (C.A. 6, 1980), 636 F. 2d 1116; see *Williams* v. *General Motors Corp.* (C.A. 5, 1981), 656 F. 2d 120. Although business necessity clearly constitutes a legally cognizable premise for discharge, appellant contends that such compulsion was, in fact, lacking in the case *sub judice* and has merely been asserted to camouflage an unlawful termination.

In *McDonnell Douglas, supra,* at 804-805, a case involving analogous allegations of racial discrimination, the United States Supreme Court stated:

"* * * evidence that may be relevant to any showing of pretext includes facts as to the petitioner's treatment of respondent during his prior term of employment * * * and petitioner's general policy and practice with respect to minority employment. On the latter point, statistics as to petitioner's employment policy and practice may be helpful to a determination of whether petitioner's refusal to rehire respondent in this case conformed to a general pattern of discrimination against blacks. * * *"

Such evidence is equally applicable in efforts to divine pretextual claims in an action, like that at bar, brought pursuant to a state statute and involving allegations of wrongful discharge on the basis of age. Indeed, in the context of the present action, consideration of such factors completely belies appellant's contention that economic necessity was merely a pretext for age discrimination in her termination.

A review of the evidence reveals that appellant had always been treated fairly by appellee. She had consistently received merit raises and, consequently, had become the second-highest ranking administrative secretary in the company. Even more dispositive of the pretextual issue, however, is appellee's record in the area of personnel reductions during the period occasioned by its loss of business. Out of the sixty-one people dismissed or transferred in the Akron area from June through October 1980, only eight of them were over forty years of age. Furthermore, the first person dismissed in appellant's division was only twenty. Appellee's record reveals no proof of age discrimination in the discharge of its employees. Thus, appellant's attempt to prove pretext by relying on innocuous allegations that her supervisor had at least twice denied her trips to let "the younger ones have a chance" is grossly inadequate in view of the overwhelming evidence present which shows that appellee conducted its business without discriminatory animus.

Finally, appellant suggests that an employer may not escape liability under R.C. 4101.17 simply by showing that he dismissed a member of the class which the statute protects for reasons other than the latter's age. The employer must also, appellant contends, adduce evidence that he discharged the employee for "just cause." We disagree. This court determined in

*Plumbers, supra,* at 199, that just cause was not an issue in an action alleging racial discrimination in contravention of R.C. 4112.02(A).[4] We now hold that such a consideration is equally irrelevant in an R.C. 4101.17 age discrimination case. Under the latter, and for purposes of this case, an employee has been discharged with just cause when his termination was not based on his age.

To condition an employer's right to discharge an employee between the ages of forty and seventy upon proof of just cause would confer greater rights upon that group of employees than would be enjoyed by others. The imposition of such a condition would constitute an improper and unwarranted extension of the protection afforded by R.C. 4101.17. As the Fifth Circuit Court of Appeals stated, the Age Discrimination in Employment Act "mandates that an employer reach employment decisions without regard to age, but it does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group." *Williams* v. *General Motors Corp., supra,* at 129. The scope of this state's age discrimination statute is similarly circumscribed.

Accordingly, we find that appellee did not violate the provisions of R.C. 4101.17 in allegedly discharging appellant and, thus, affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., dissents.

J. P. CELEBREZZE, J., dissenting. I respectfully dissent. An appellate court's scope of review of the trial court's factual determinations is limited to whether there is a substantial evidentiary basis for the determinations. See *Gillen-Crow Pharmacies, Inc.* v. *Mandzak* (1966), 5 Ohio St. 2d 201, 205 [34 O.O.2d 417]. Having examined the record, I believe there is. Hence the appellate court's judgment should be reversed.

---

[4] See footnote 2, *supra.*