BAURICHTER, APPELLANT, *v.* VILLAGE OF ADDYSTON ET AL., APPELLEES.

(No. C-850291—Decided April 2, 1986.)

*Swain & Hardin* and *Richard B. Uhle, Jr.,* for appellant.

*Bartlett, Junewick & Weigle* and

*Walter J. Junewick, Jr.,* for appellees village of Addyston, Carole Kolb, Mayor, Jimmie Vaughn, Ray Kolb, Vernon Thomas, Charles Thompson, Ronald Pearson and Joseph Seibert.

*Per Curiam.* Plaintiff-appellant Fred X. Baurichter, forty-five years of age, appeals from a summary judgment granted on defendants-appellees' motion, dismissing his action for reinstatement as a full-time police officer of the village of Addyston, Ohio, and for compensation. He claims, in his two assignments of error, that the court erred in ruling that "saving money" is a legitimate reason for discharging a person protected by R.C. 4101.17 (age discrimination), and in ruling that the village was not required to follow the procedures set forth in R.C. 737.19 when it discharged him. We find no merit in either claim.

The affidavits of the mayor and councilmen of the village uniformly established the fact that plaintiff's position (the only full-time police officer on the police force) was eliminated "with the time to be covered by part-time officers in order to reduce the cost-per-hour of police protection." The council's police committee made its recommendation in open council meeting on March 9, 1984. An ordinance was read for the first time at a council meeting on March 20, 1984, at which plaintiff was present and his Fraternal Order of Police representative addressed council opposing the ordinance. The second and third readings occurred at successive council meetings and the ordinance was then duly adopted, albeit by a tie-breaking vote of the mayor.

The uniform affidavits of the mayor and councilmen go on to state:

"7. At no time in the proceedings was the matter of age raised, nor was age a consideration. Throughout this matter, the expressed concerns of councilmembers who spoke were economic, that is, finding ways to *save money in the operation of the Village,* and whether or not services would be cut as a consequence of passage of the ordinance.

"8. At no time in the proceedings did Mr. Baurichter's age occur to me as a matter for consideration. My decision was not made with his age in mind.

"9. No full-time police officer has been hired since Mr. Baurichter left." (Emphasis added.)

These statements are not controverted by the plaintiff.

The basic flaw in plaintiff's arguments is that he was not discharged. His position was eliminated. Accordingly, neither R.C. 4101.17 nor 737.19 applies.

R.C. 4101.17(A)[1] protects persons between the ages of forty and seventy against age discrimination by prohibiting their discharge without just cause. The meaning of the statute was set forth in *Barker* v. *Scovill, Inc.* (1983), 6 Ohio St. 3d 146, 6 OBR 202, 451 N.E. 2d 807, paragraphs one and two of the syllabus, as follows:

"1. In order to establish a prima facie case of age discrimination, violative of R.C. 4101.17, in an employment discharge action, plaintiff-employee must demonstrate (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Defendant-employer

---

[1] R.C. 4101.17(A) reads:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for plaintiff's discharge. Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination.

"2. Within the context of R.C. 4101.17, 'just cause' for discharge is established if plaintiff was terminated for reasons other than those explicitly prohibited by the statute."

Applying these criteria to the instant case, we hold that R.C. 4101.17(A) does not give plaintiff a cause of action because his case fails to meet two of the four requirements of a *prima facie* case. He was not "discharged," and he was not replaced by a person not belonging to the protected class.

Even if plaintiff had established a *prima facie* case, the village demonstrated that its reason for termination was to reduce municipal expenses, and plaintiff has failed to show that this reason was "only a pretext for unlawful discrimination." It has been the law in Ohio for more than one hundred years that the action of a municipal legislative body within the limits of its authority is beyond judicial review in the absence of bad faith, arbitrary action or abuse of power. *Little Miami & Columbus & Xenia RR. Co.* v. *Dayton* (1872), 23 Ohio St. 510, paragraph three of the syllabus. Compare *Stueve* v. *Cincinnati* (App. 1960), 15 O.O. 2d 424, 168 N.E. 2d 574. We reject plaintiff's arguments that we can review any fiscal decision by a municipal council short of "economic distress," and that "saving money" is reviewable. The first assignment of error has no merit.

We also reject plaintiff's argument, advanced under the second assignment of error, that the position of police officer cannot be eliminated by ordinance without following the procedures set forth in R.C. 737.19.[2] We hold that by its

---

[2] R.C. 737.19 reads in pertinent part:

"(A) The marshal of a village has exclusive authority over the stationing and transfer of all deputies, officers, and employees within the police department of the village, under such general rules as the mayor prescribes.

"(B) The marshal of a village has the exclusive right to suspend any of the deputies, officers, or employees in the village police department who are under his management and control, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause.

"If an employee is suspended, the marshal shall immediately certify this fact in writing, together with the cause for the suspension, to the mayor of the village, and shall immediately serve a true copy of the charges upon the person against whom they are made. Within five days after receiving this certification, the mayor shall inquire into the cause of the suspension and shall render a judgment on it. If the mayor sustains the charges, his judgment may be for the person's suspension, reduction in rank, or removal from the department.

"Suspensions of more than three days, reduction in rank, or removal from the department may be appealed to the legislative authority of the village within five days from the date of the mayor's judgment. The legislative authority shall hear the appeal at its next regularly scheduled meeting. The person against whom the judgment has been rendered may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against him.

"At the conclusion of the hearing, the legislative authority may dismiss the charges, uphold the mayor's judgment, or modify the judgment to one of suspension for not more than sixty days, reduction in rank, or removal from the department.

"Action of the legislative authority removing or suspending the accused from the department requires the affirmative vote of two-thirds of all members elected to it.

"In the case of removal from the department, the person so removed may appeal on

124

very terms R.C. 737.19 applies only to the suspension, reduction in rank or removal of police officers "for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause." Plaintiff was not suspended, reduced or removed for any of the stated reasons; his full-time position was eliminated.

We affirm.

*Judgment affirmed.*

DOAN, P.J., BLACK and HILDE-BRANDT, JJ., concur.

---

questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The appeal shall be taken within ten days from the date of the finding of the legislative authority."