Being unable to agree with the majority as to the disposition of the first assignment of error, in part, I respectfully dissent.
I concur with the majority that appellants have presented indirect evidence of age discrimination and have met the requirements of Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146; however, I would also find appellants, for purposes of a motion for summary judgment, have presented direct evidence of age discrimination.
In finding no direct evidence of age discrimination, the majority relies on Byrnes v. LCI Communication Holdings Co.
(1996), 77 Ohio St.3d 125. In Byrnes, LCI hired Thomas Byrnes, age forty-eight, and Richard Otto, age fifty-six. Both men were later discharged, Otto in 1990 and Byrnes in 1991, and both filed complaints alleging they were discharged on the basis of their age in violation of R.C. 4112.02. The Ohio Supreme Court found evidence of only one specific comment concerning Otto that directly related to Otto's age which the court characterized as inappropriate and insensitive. The court found evidence of other age-related comments to have been made either before Byrnes and Otto were even hired or at least one year before they were discharged. The court found that other age-related comments introduced into evidence either referred to other employees or other positions.
In this instance, JoAnn Gismondi stated in her affidavit:
 * * * Mr. Buscaglia said Gerry's "time had passed" but that "in his time he was a great salesman." Mr. Buscaglia also said that Gerry's "methods were outdated." * * *
This comment was made less then a year before Gerauld Gismondi was fired. Christine Harle also stated in her affidavit:
 * * * On the day after JoAnn and Gerry Gismondi were fired from MT, there was a meeting held of all employees of the Columbus office, which included approximately 15 people. I attended the meeting. * * * Mr. Buscaglia informed us that JoAnn and Gerry Gismondi had left the company. I do not believe that he informed us that they were fired; however, he did state that MT had "decided to replace them with new and younger management."
Thus, appellants have presented evidence of two age-related statements, specifically referring to appellant Gerauld Gismondi. For purposes of a motion for summary judgment, I would find the comments testified to by Mrs. Gismondi to be sufficiently close in time to Mr. Gismondi's discharge to be direct evidence of age discrimination. The comments related by Harle were made the day after appellants were terminated. While the majority interprets this comment as explaining what happened and not why, in ruling on a motion for summary judgment, the evidence must be construed most strongly in favor of the nonmoving party. The test is not just whether the conclusion reached is reasonable, but whether reasonable minds could only come to one conclusion. The statement that appellants had been discharged in order to replace them with "new and younger management" could reasonably be interpreted as a reference to age. Therefore, I would sustain this portion of the first assignment of error and find that direct evidence of age discrimination had been presented.
In all other respects, I concur with the majority's opinion.