JOURNAL ENTRY AND OPINION
Brenda L. Blanks appeals from a common pleas court order granting summary judgment in favor of White Consolidated Industries, Inc., A.B. Electrolux, and Daniel R. Elliott, on her claim for, retaliatory discharge, contending genuine issues of material fact exist precluding summary judgment. For the reasons which follow, we find the court did not err in granting summary judgment on this claim, and therefore, affirm the judgment of the trial court in this case.
On October 29, 1986, Brenda Blanks came to work as a records supervisor for White Consolidated Industries, (WCI), a corporation located in Cleveland, Ohio, and owned by a Swedish parent company, A.B. Electrolux. Blanks reported to Dan Elliott, the Senior Vice President and Corporate Secretary of WCI, and her duties included managing and compiling documents relating to the company's ongoing product liability litigation, and working with outside counsel on other litigation.
In November 1994, Elliott sent a memorandum to Blanks and several other employees in the department stating that he had sought and obtained approval from Ulf Magnussen, general counsel of A.B. Electrolux, to assign new titles to each of them, including "Director of Records Management" for Blanks. Shortly thereafter, in November 1994, outside counsel on one of Blanks' cases informed Elliott that she had not properly compiled documents for the litigation, and that she began having difficulties working with Sheron Adams, an employee who reported to her in the department. On December 12, 1994, Elliott told Blanks he had decided to rethink the title change and never conferred the new title on her. Blanks did, however, receive a $2,000 salary increase for the following year, 1995.
On June 22, 1995, after surreptitiously compiling documents and computer files which she believed evidenced favoritism being shown to Anne Lee, another employee with whom Elliott had been having an indiscreet affair, Blanks wrote a letter to Magnussen in Sweden alleging that Elliott had shown favoritism to Lee and had treated Blanks unfairly because she knew about their affair.
In response to Blanks' allegations, WCI hired the law firm of Jones, Day, Reavis Pogue to investigate the matter, and as a result, after a complete investigation, two outside firms issued reports finding the allegations to be unsubstantiated. However, following the investigation, Magnussen decided and Elliott agreed to reassign some of Elliott's duties regarding records and to have a human resources officer approve personnel decisions concerning Anne Lee.
On September 8, 1995, Blanks took a temporary medical leave from WCI due to stress-related illness, and remained on leave sometime into 1996. During Blanks' absence, and pursuant to a 1994 Shared Services Program, WCI combined the records retention functions with the Shared Services Department of WCI, and Nada Van Allen, the Director of that department, undertook Blanks' responsibilities in addition to her own. On January 12, 1996, after Wayne Schierbaum, Vice President of Finance and Controller of WCI, determined there was no other position which Blanks could fill, notified her while she was still on leave that her position at WCI had been eliminated.
Blanks then filed suit in common pleas court alleging racial discrimination, hostile work environment, sexual harassment, violations of the Ohio Whistle Blower Act, violations of WCI's Business Conduct Policy, and retaliatory discharge. In response, WCI filed a motion for summary judgment which the court granted.
Blanks now appeals, but only from the court's grant of summary judgment on her retaliatory discharge claim. She presents the following assignment of error for our consideration:
 THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
Although Blanks' assignment of error concerns the court's grant of summary judgment, she argues only that the court erred in granting summary judgment on the retaliatory discharge claim. Blanks argues that genuine issues of material fact exist regarding the causes for her discharge, which preclude summary judgment. WCI, on the other hand, maintains the court correctly granted summary judgment because Blanks has failed to establish a causal relationship between her discharge and the events which preceded it, and because WCI has demonstrated a nondiscriminatory reason for her discharge and she has failed in her obligation to demonstrate that reason is pretextual.
The issue before us, then is whether the trial court correctly granted summary judgment to WCI on the retaliatory discharge claim.
We note at the outset, Civ. R. 56 provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
R.C. 4112.02 provides in part:
It shall be an unlawful discriminatory practice:
* * *
 (I) For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.
Further, in Thatcher v. Goodwill Industries (1997), 117 Ohio App.3d 525, the court stated at 535:
 Under R.C. 4112.02 (I), opposing an employer's condoning of illegal discrimination is itself a protected activity for the purposes of a claim of retaliatory discharge.
In reviewing retaliation claims under the Ohio act, we are further guided by the courts' interpretations of the analogous federal provisions. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, at 582. See also Barker v. Scovill (1983), 6 Ohio St.3d 146;Plummers Steamfitters Joint Apprenticeship Committeev. Ohio (1981), 66 Ohio St.2d 192, at 196; McDonnell Douglas v.Green (1973), 411 U.S. 792.
In Chandler v. Empire Chemical, Inc. (1994), 99 Ohio App.3d 396, the court set forth the elements necessary to establish aprima facie case of retaliation, stating at 402 that the plaintiff is required to prove:
 (1) that she engaged in protected activity; (2) that she was the subject of adverse employment action; and (3) that a causal link existed between the protected activity and the adverse action. Jackson v. RKO Bottlers of Toledo, Inc. (1984), 743 F.2d 370, 375.
In order to establish the causal connection, the plaintiff must show either a retaliatory motive or that the timing of the action permits an inference of retaliation. See Brown v. ASD ComputingCenter (S.D. Ohio 1981) 519 F. Supp. 1096, at 1114-15; Sutton v.National Distillers Products Co. (S.D. Ohio 1978),445 F. Supp. 1319, at 1325-26.
The court further stated that once the plaintiff has made such a showing, the burden then shifts to the employer to "articulate a legitimate reason for its action," and if the employer carries that burden, "the burden then shift[s] back to [the plaintiff] to show that the articulated reason was merely a pretext."
Thus, in order to establish a prima facie case of retaliation, Blanks had the burden to prove she engaged in protected activity, that she suffered adverse employment action, and that the action had a causal link to the protected activity. A review of the record before us reveals that Blanks participated in protected activity when she lodged her complaint with Magnussen opposing Elliott's preferential treatment of Lee; and further that Blanks suffered adverse action when WCI eliminated her position. Blanks has, however, failed to establish the requisite causal connection between her letter to Magnussen and her discharge by Schierbaum, pointing only to her own unsupported allegations. Here, the record reveals that Blanks admitted in her deposition Schierbaum had no animosity toward her, and that the decision to eliminate Blanks' position resulted from a cost control project undertaken in 1994, more than six months before Blanks wrote the letter regarding Dan Elliott.
Further, viewing the evidence in a light most favorable to Blanks and assuming she had established an inference of causation, WCI then would have the burden to articulate a legitimate reason for the elimination of Blanks' position. In this case, the evidence shows that WCI eliminated Blanks' position by merging her responsibilities with an individual in Shared Services, and that Nada Van Allen, who undertook Blanks' job duties, had no difficulty in performing the extra functions. Blanks' argument regarding pretext consists only of her unsupported allegations that Elliot influenced Schierbaum in reaching the decision. There is no evidence before us to support this inference. Blanks has not shown the merger of her position consisted of only a pretext.
Thus, because Blanks has failed to establish a genuine issue of material fact regarding the causal connection between her complaint and the elimination of her position, and because WCI has established a nondiscriminatory reason for her discharge and Blanks has not shown it to be a pretext, WCI is entitled to judgment as a matter of law, and the court did not err in granting judgment in favor of WCI. Accordingly, this assignment of error is without merit and it is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., and JAMES D. SWEENEY, J., CONCUR
 __________________________________ PRESIDING JUDGE TERRENCE O'DONNELL