OPINION
This is an age-discrimination case brought by a former employee of defendant-appellee United Dairy Farmers (UDF). We must decide if the employee presented enough evidence of discrimination to withstand UDF's motion for summary judgment, which was granted by the trial court. We conclude that the employee did not and affirm.
Plaintiff-appellant Raymond Wells worked in the tri-tray, or palletizing, department at UDF's ice-cream-production facility in Norwood, Ohio. Wells's duties included removing ice-cream containers from two conveyor belts and shrink-wrapping them. In June 1996, after Wells allegedly walked off the job without permission, UDF terminated Wells, who was then fifty-one years old.
Wells brought age-discrimination claims against UDF under federal and Ohio law,[1] as well as a breach-of-contract claim. The trial court granted summary judgment for UDF, and Wells now appeals. He asserts in his sole assignment of error that the court erred in granting summary judgment on his discrimination claims. A summary-judgment motion is appropriately granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated, and that the evidence demonstrates that reasonable minds could only come to a conclusion that is adverse to the party opposing the motion.[2] Appellate review of a lower court's entry of summary judgment is de novo.[3]
Wells sets forth various arguments that he claims are predicated upon a genuine issue of material fact. He claims that he was wrongly accused of walking off the job. He argues that a policy existed in the tri-tray department that permitted him to leave work if one of the conveyor belts had shut down production for the day. According to him, he left work only after one of the conveyor belts had shut down and after he had told his supervisor that he was leaving.
Wells argues that the real reason that he was terminated was his age. He claims that, prior to his termination, one of his supervisors, Perry Whitis, told him on many occasions that he was "too old and too expensive." Wells also claims that he was treated differently than similarly-situated younger employees. According to him, when these similarly-situated employees committed similar offenses, they were not terminated.
Based on these arguments, Wells claims that age discrimination can be proved in this case in two ways. First, he asserts that discrimination can be proved under what is known as theMcDonnell Douglas standard. Under that standard in a discharge case, the plaintiff must first establish a prima facie case of discrimination. Once the plaintiff has established a prima facie case, a presumption of discrimination exists and the burden shifts to the employer to rebut that presumption. If the employer comes forward with a nondiscriminatory reason for the discharge, the plaintiff must produce sufficient evidence from which a fact-finder may reasonably reject the employer's explanation.[4] Second, Wells asserts that direct evidence can be used to show discrimination. Direct evidence is a method of proof where a plaintiff can prove discrimination directly "by presenting evidence, of any nature, to show that the employer more likely than not was motivated by discriminatory intent."[5]
In response, UDF does not dispute that a question of fact exists under McDonnell Douglas's prima facie standard: Wells was over forty years old, was qualified for the position, and was discharged and replaced by a person in his early thirties. But UDF argues that it had a legitimate nondiscriminatory reason for discharging Wells and, thus, that a question of fact does not exist under the remaining requirements of McDonnell Douglas. Also, UDF argues that a question of fact does not exist under the direct-evidence standard. We agree with UDF regarding both standards.
To begin, the record reveals that UDF conducted an investigation before terminating Wells, and that UDF legitimately concluded that Wells had walked off the job. The record shows that, when Whitis heard that Wells had walked off the job, he questioned other employees in the tri-tray department who had been present when the incident occurred. Whitis stated that these employees confirmed that Wells had walked off without telling anyone, which had resulted in a production delay. Further, the record reveals that Whitis and other supervisors looked at Wells's timecard and production records before deciding to terminate him. The timecard showed that Wells had left work on the day in question at 3:32 p.m., while the first conveyor belt did not stop production until 4:20 p.m, and the second conveyor belt did not stop production until 5:48 p.m. Based on the information gathered, the supervisors had a legitimate basis for concluding that Wells had inappropriately walked off the job.
In addition, the record reveals that Whitis's alleged age-related comments toward Wells ended some twelve to eighteen months before UDF terminated Wells. In light of this gap of time between the alleged comments and the termination, we conclude that one could not reasonably infer from the alleged comments that Wells's termination had anything to do with his age.[6] (Whitis denied ever making the comments, but for purposes of summary judgment, we must look at the evidence in the light most favorable to Wells.)
Also, we conclude that the record does not support Wells's assertion that he was treated differently than similarly-situated employees. It is true that some of the employees mentioned by Wells were not terminated, but the record shows that Wells's violation differed from those employees' violations: Wells's violation was walking off the job before production had ended, while the other employees' violations involved absenteeism. The record reveals that Wells's violation was more serious — or at least what UDF considered in its business judgment to be more serious — than those other employees' violations.[7] And Wells's violation was compounded by previous disciplinary problems that he had had with UDF. In fact, a few months before UDF terminated Wells, UDF had suspended Wells for absenteeism and had warned him that he would be terminated for any disciplinary action in the future that warranted a suspension. Further, contrary to Wells's suggestion that nobody else was terminated for walking off the job, the record shows that there were other employees who were terminated for doing so.
Of the allegedly similarly-situated employees mentioned by Wells, there were two employees who had walked off the job but were not terminated. But the record shows that one of those employees did not have the past disciplinary problems that Wells had had with the company.[8] As for the other employee, the record shows that UDF was going to terminate him, but that he announced his resignation before UDF did so. (UDF ended up suspending him until his resignation date.)
In sum, we hold that that the evidence presented by Wells does not create a genuine issue of fact under either theMcDonnell Douglas or the direct-evidence standard. There is no evidence to conclude that age was a determining factor in Wells's termination or that UDF's reasons were pretextual. Therefore, we overrule Wells's assignment and affirm the judgment of the trial court.
 _________________________ PAINTER, Judge
 Doan, P.J., and Sundermann, J., concur.
[1] See Section 623, Title 29, U.S.Code; R.C. 4112.02(N) and4112.99.
[2] Civ.R. 56(C).
[3] See McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491,609 N.E.2d 1272, 1274.
[4] See McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792,93 S.Ct. 1817; see, also, Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146,451 N.E.2d 807.
[5] Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125,128-129, 672 N.E.2d 145, 148.
[6] See id. at 128-129, 672 N.E.2d 145, 148 (isolated comments too abstract to support finding of discrimination); Phelps v. YaleSec., Inc. (C.A.6, 1993) 986 F.2d 1020, 1025-1026 (comments made nearly a year before layoff too isolated to support finding of discrimination).
[7] See Moon v. Compass Group USA, Inc. (Aug. 27, 1999), Hamilton App. No. C-980927, unreported (employer had right to deal more strongly with higher degrees of violations).
[8] See id.