JOURNAL ENTRY AND OPINION
Appellant Bruce Picha (Picha) appeals the judgment of the trial court granting appellee Medical Mutual of Ohio (MMO) summary judgment on his age discrimination claim. Picha assigns the following error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
MMO hired Picha as a Medicaid enrollment sales representative on or about February 6, 1995. As a sales representative, Picha's responsibilities included soliciting prospective clients who qualified for aid to dependent children, explaining the health insurance program offered by MMO, and enrolling prospective clients in the MMO program. When MMO hired Picha, he was fifty-eight years old.
Picha held the title of sales representative until October 1997. In October 1997, the laws changed such that direct solicitation became a prohibited activity. Consequently, MMO eliminated the sales representative position and created a new position called Medicaid retention specialist. MMO permitted only those people holding the title of sales representative to apply for this newly created position, and did not accept applications from outside the company.
Picha applied for the new position along with fourteen other former sales representatives. On March 4, 1998, Picha learned MMO decided not to select him for the new position and that MMO had terminated his employment. When MMO discharged Picha from its employ, he was sixty-one years old.
On May 26, 1999, Picha filed a complaint alleging MMO unlawfully discharged him from employment based on his age. After answering his complaint and participating in discovery, MMO filed a motion for summary judgment on July 7, 1999. In its motion for summary judgment, MMO argued Picha's discharge resulted from a reduction in force due to the change in the law and a reduced work load. MMO argued it chose not to select Picha for the retention specialist position because it deemed him less qualified than the other applicants based on incidents of inappropriate behavior and the lack of a professional appearance. MMO argued age played no role in its decision. MMO indicated all the employees selected for the retention specialist position were over the age of forty and one of the employees retained was older than Picha. MMO also indicated the other sales representative discharged as a result of the job change was more than twenty years younger than Picha. Additionally, MMO argued Picha possessed no direct, circumstantial or statistical evidence supporting his claim of age discrimination. MMO attached the following items to its motion: excerpts from Picha's deposition, an affidavit from Timothy Colligan, MMO's Director of the Medicaid/Prescription Drug program, stating the reasons for Picha's discharge and listing the employees retained for the new position by age, and an affidavit from Joanne Jerina, the employee who complained about an inappropriate comment made by Picha.
In his memorandum in opposition, Picha admitted he lacked direct, circumstantial or statistical evidence demonstrating discriminatory intent. Picha argued he need only demonstrate he belonged to a protected class of persons over the age of forty; that MMO discharged him from employment; and that he was qualified for the position. Picha argued he satisfied these requirements and thus, satisfied his burden to put forth a prima facie case. Further, he argued a question of fact existed regarding MMO's non-discriminatory reason for his discharge. According to Picha, MMO's reasons were a pretext to mask its true unlawful intent. Picha attached the following documents to his memorandum in opposition: excerpts from Timothy Colligan's and Joanne Jerina's deposition; an inter-office memorandum from Colligan regarding the justification for hiring Medicaid retention representatives which listed each applicant by name and stated the reasons for hiring or not hiring that individual dated March 4, 1998; a memorandum from Jerina describing Picha's alleged inappropriate remarks dated November 17, 1997; and an affidavit from Ted Andrzejewski, former employee of MMO and Picha's former manager.
On October 27, 1999, the trial court granted MMO's motion without opinion and dismissed Picha's complaint. Picha appeals the trial court's decision.
Before addressing Picha's assignment of error, we set forth the standard of review. The trial court may grant summary judgment only when it determines pursuant to Civ.R. 56 that no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Holliman v. Allstate Ins. Co. (1999),86 Ohio St.3d 414, 715 N.E.2d 532; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267, 273-274. This Court reviews the trial court's grant of summary judgment de novo. Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116, 413 N.E.2d 1187; Temple. De novo review means this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law genuine issues exist for trial. Dupler. De novo review requires that we review the trial court's decision independently and without deference to it. Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997) 121 Ohio App.3d 188, 699 N.E.2d 534; Weiper v. W.A. Hill 
Assoc. (1995), 104 Ohio App.3d 250, 661 N.E.2d 796; Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153.
In his sole assignment of error, Picha argues the trial court erred in granting MMO's motion for summary judgment. Picha argues he made a prima facie case of age discrimination and that genuine issues of material fact exist regarding the nondiscriminatory reasons articled by MMO for his discharge.
Under Ohio law, a plaintiff may make out a prima facie case of age discrimination in one of two ways. A plaintiff may establish a prima facie case using direct evidence of age discrimination tending to show the employer, more likely than not, was motivated by discriminatory intent. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,664 N.E.2d 1272. In the alternative, a plaintiff may prove age discrimination indirectly by demonstrating (1) the employee belonged to the statutorily protected class; (2) the employer discharged the employee; (3) the employer replaced, or the discharge permitted the employer to retain a person not belonging to the statutorily protected class. Byrnes v. LCI Communications Holdings Company (1996),77 Ohio St.3d 125, 672 N.E.2d 145; Barker v. Scovill (1983),6 Ohio St.3d 146, 451 N.E.2d 807; Wilmot v. Forest City Auto Parts (June 22, 2000), Cuyahoga App. No. 75945, unreported.
The four-part test announced in Barker is based on the Supreme Court's holding McDonell Douglas Corp. v. Green (1973), 411 U.S. 792,93 S.Ct. 1817, 36 L.Ed.2d 668. Picha argues the United States Supreme Court modified the fourth element of the test as applied to age discrimination cases in O'Connor v. Consolidated Coin Caterers Corp. (1996), 517 U.S. 308,116 S.Ct. 1307, 134 L.Ed.2d 433. As modified, the fourth element requires the plaintiff to show his replacement was substantially younger, regardless of the replacement's actual age. The Ohio Supreme Court noted this development in Mauzy. However, the Ohio Supreme Court chose not to adopt the O'Connor modified standard. See Byrnes, Mauzy. Instead, the Ohio Supreme Court reiterated the necessity of making the Barkerfour-part showing, which requires the plaintiff to prove he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class where a plaintiff lacks direct evidence of discriminatory intent. Byrnes at 128, 672 N.E.2d at 148.
In the instant case, Picha admits he possesses no direct, circumstantial or statistical evidence demonstrating an intent, on the part of MMO, to discriminate against him based on his age. Consequently, Picha needed to set forth a prima facie case under the four-part test adopted in Barker. Picha failed to so do.
Arguably, Picha satisfies three of the four required elements. Picha was sixty-one years old at the time of his discharge and, thus, belongs to the statutorily protected class of persons forty years of age or older. Picha was terminated from his employment. Also, it could be argued Picha was qualified for the position. However, Picha fails to satisfy the fourth element demonstrating the employer replaced, or the discharge permitted the employer to retain, a person not belonging to the statutorily protected class.
MMO presented evidence the employees retained by the company in the new position ranged in age from sixty-five to forty-one years old. Since all these employees fall within the statutorily protected age group, we conclude Picha's age discrimination claim must fail. Accordingly, we overrule Picha's assignment of error.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
TERRENCE O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ________________________________ PATRICIA ANN BLACKMON, JUDGE