OPINION
Appellant, William E. Robinson, appeals the decision of the Lake County Court of Common Pleas wherein summary judgment was granted to appellees, Nationwide Mutual Insurance Companies ("Nationwide"), Melvin Phifer ("Phifer") and Thomas Starr ("Starr").
Appellant was employed by Nationwide for twenty-eight years. Despite receiving numerous distinctions and promotions during his employment, appellant was the lowest ranked agency manager in Ohio, in 1997. Phifer explained that Nationwide had recently changed its focus in evaluating agency managers from whether the employee had maintained his previous level of service to determining whether they were able to stimulate growth in the organization. While long service remained important to Nationwide, the company's focus had shifted towards employees who were able to lead, build, and grow agencies. As a result, Nationwide evaluated its employees based on their performance over just the prior three years.
Also at this time, appellee underwent restructuring and reorganization, which resulted in a reduction of agency managers. The lowest ranked agency managers were terminated from their positions. Appellant was among these employees; his position was terminated in January 1998. Phelps testified that appellant's poor performance was the reason that he did not receive one of the agency manager positions. He also explained that appellant was not offered a sales technical specialist position because he never completed the job interest form and did not apply for the position. Appellant contends that he was instructed not to apply for such a position unless he made his life quota. Since he failed to do so, he did not apply for the position.
On April 1, 1998, at the age of fifty-six, appellant retired from Nationwide. Appellant's territory was offered to Zeke Burrow, sixty-three years old, Clyde Gano, fifty-five years old, and Jim Cotticia, fifty-two years old, who was actually awarded the territory.
On May 12, 1999, appellant filed a complaint against appellees seeking both compensatory and punitive damages. In Count One, he alleged that Nationwide had committed age discrimination, as defined in R.C. 4112. In Count Two, appellant alleged that Nationwide's conduct constituted wrongful discharge. Additionally, in Counts Three and Four, he alleged age discrimination claims against Phifer and Starr, manager/supervisors at Nationwide. In response, appellees filed a joint answer denying the allegations contained in the complaint and asserting that the lawsuit was barred by the statute of limitations.
Subsequently, appellees moved for summary judgment. The trial court awarded summary judgment in favor of appellees. From this judgment, appellant assigns the following assignments of error:
 "[1.] The trial court erred to the prejudice of plaintiff-appellant in granting summary judgment on the age discrimination claims.
 "[2.] The trial court erred to the prejudice of plaintiff-appellant in dismissing count II of the complaint."
 In appellant's first assignment of error, he argues that the he established a prima facia case of age discrimination. Since appellant was replaced by an individual who is not substantially younger than appellant and is within the same protected class, appellees contend that appellant is unable to prove age discrimination. Appellees also assert that appellant failed to establish a causal link between his age and the termination of his employment. They also contend that Nationwide articulated legitimate reasons for appellant's termination; i.e. reduction in force and poor performance.
Under Ohio law, age discrimination may be proved directly or indirectly. An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, paragraph one of the syllabus. Alternatively, an employee may establish a case of age discrimination indirectly by demonstrating that: "(1) the employee was a member of the statutorily-protected class; (2) the employee was discharged; (3) the employee was qualified for the position; and (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the protected class." Barkerv. Scovil, Inc. (1983), 6 Ohio St.3d 146, paragraph one of syllabus;Kochmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, syllabus; Byrnes v.LCI Communs Holdings (1996), 77 Ohio St.3d 125, 128; Mauzy, supra.[1]
Irrespective of which method is used to establish discriminatory intent, appellant must show that he was "discharged on account of age."Kochmescher, supra, at 505.
In this case, appellee reorganized and reduced its workforce. It is undisputed that: appellant is a member of the statutorily-protected class of persons over the age of forty; appellant was discharged from his position as agency manager; appellant was qualified for the position; and, appellant was replaced by a person in the same protected class. Thus, only the fourth element of the Barker syllabus is disputed.
Turning to the fourth element of Barker, we conclude that since appellant was replaced, the court did not need to consider whether appellant's termination permitted retention of a person under age forty. See Thorn v. Sunstrand Aero Space Corp. (7th Cir. 2000), 207 F.3d 383,386. Generally, in a reduction in force case, a court will only consider whether an employee's termination permitted the retention of other employees when the employee is not replaced. See, e.g., Armbruster v.Unisys Corp. (1994), 32 F.3d 768, 777, (concluding that "* * * the plaintiff must show he was in the protected class, he was qualified, he was laid off and other unprotected workers were retained.") Regardless, the record is devoid of any causal connection between appellant's termination and the retention of agency managers under the age of forty.
Additionally, the record lacks evidence of discriminatory intent by Nationwide. The only evidence of discriminatory intent consists of remarks made by members of management and appellant's assertion that persons under age forty retained their positions as agency managers. Appellant testified that, during a pool game in 1997, Tom Starr commented: "guys that had gray hair on the top didn't have much fire in the belly." The only testimony that possibly created an inference of age discrimination was provided by appellant, who testified that, in October 1996, a member of management, Mr. Kaylor ("Kaylor"), informed him: "he thought it was time for Penny and [appellant] to start taking long walks." Appellant explained that Kaylor's comment was made at an agency manager meeting during a discussion of retirement. Kaylor had told the group that he had spoken with a retired agency manager, Wayne Haywood, who informed him that $35,000 was enough to retire on. Based on this, Kaylor commented that appellant and his wife, Penny, and Zeke Burrows and his wife, Gloria, "should take long walks." Subsequently, Zeke Burrows was offered appellant's position. There is no link between these remarks and appellant's discharge that could support the inference that appellant was discharged due to age discrimination. Starr's comments were not specifically directed toward appellant and Kaylor's comments, which were made in 1996, were not contemporaneous with appellant's discharge. Kaylor's single remark towards appellant is insufficient to form the basis for an age discrimination claim, since the decision to terminate appellant's employment was made by a joint decision of the state team, not Kaylor. Phifer testified that the decision was unrelated to age, and the record is devoid of any evidence to the contrary.
Appellant contends that Nationwide committed age discrimination in its hiring and discharge practices. In support of this, he asserts that four or five people, under the age of forty, hired in 1997, were permitted to retain their agency manager positions after the realignment. However, he stated that "you'll have to do your research on these people that kept their jobs, [sic] how old they are." Appellant's testimony reveals that he does not know whether the employees who retained their positions as agency managers were under the age of forty. Thus, appellant has failed to set forth facts causally linking his termination to the retention of other employees.
"The ultimate inquiry in an age discrimination case is whether a plaintiff-employee was discharged on account of age." Byrnes, supra, at 130, citing Kochmescher, supra. Thus, there must be a link "between the discriminatory statement or conduct and the prohibited act of discrimination to establish a violation of the statute." Id. While age related comments directed toward the discharged employee may support an inference of age discrimination, isolated, ambiguous, or abstract comments cannot support a finding of age discrimination. Id. Kaylor's isolated comments are insufficient to create an inference of discriminatory intent.
Further, Nationwide presented legitimate reasons for terminating appellant's position as an area manager. The record reveals that: Nationwide restructured its Ohio sales territories, thereby reducing its number of agency managers; appellant was the lowest ranked agency manager in Ohio; appellant was discharged from his agency manager position; and, appellant's replacement was fifty-three years old. Construing the evidence in a light most favorable to appellant, reasonable minds can come to but one conclusion, which is adverse to appellant. Appellant's first assignment of error lacks merit.
In appellant's second assignment of error he contends that his termination violates Ohio statute and public policy, thereby entitling him to damages. In Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, the Supreme Court of Ohio explained that an at-will employee, discharged in violation of the public policy contained in a statute may bring a cause of action against the employer so long as he has fully complied with the statute. Regardless of whether the employee fully complied with the statute, a wrongful discharge suit may also be based on a source of public policy separate from the statute. Id. However, because the record does not contain evidentiary facts which would indicate appellant was terminated because of discriminatory intent, his second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error lack merit. The judgment of the Lake County Court of Common Pleas is affirmed.
O'NEILL, P.J., dissents with dissenting opinion,
GRENDELL, J., concurs.
[1] In Mauzy, the Supreme Court of Ohio questioned, but did not change, the fourth element of the Barker syllabus. See Mauzy,75 Ohio St.3d at 582, fn. 2.