**Walter HILLMAN, Plaintiff–Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 02–3381.

United States Court of Appeals, Sixth Circuit.

May 6, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

*ORDER*

Walter Hillman, an Ohio plaintiff, appeals a district court judgment granting summary judgment to the defendant in his amended age discrimination action brought under Ohio Rev.Code §§ 4112.01, 4112.02, and 4112.99. Claiming diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the defendant removed the case to the United States District Court for the Northern District of Ohio. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hillman began working for the defendant, Safeco Insurance Company ("Safeco"), in 1997 when Safeco acquired Hillman's previous employer, American States Insurance Company ("American States"). Hillman worked for American States from 1983 as a claims representative, and while working for American States, his supervisors gave him adequate performance reviews.

After Safeco took over American States, it instituted its own procedures, which included closing most of the central field offices and having claims representatives work from their homes using company cars and equipment. Once those procedures were in place, Safeco assigned Hillman to handling automobile damage claims in the field. Hillman worked as a field claims representative until he resigned on September 25, 2001, at which time he was earning $46,500 per year—an increase from the $42,019 he earned at the time Safeco acquired American States.

Hillman claims that Safeco discriminated against him based on his age, intentionally inflicted severe emotional distress, and wrongfully discharged him from his position as a claims representative. Spe-

cifically, Hillman claims that Safeco's treatment of him by, among other things, increasing his workload, placing him on a performance plan ostensibly to improve his job performance, and making disparaging age-based comments, forced him to resign his position with the company. At the time of his resignation from Safeco, he was fifty-four years old. The district court granted Safeco's motion for summary judgment, and Hillman filed this timely appeal.

Upon review, we conclude that the district court properly granted summary judgment for the defendant. No genuine issue exists as to any material fact and the defendant is entitled to judgment as a matter of law. *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 341 (6th Cir.2001). Hillman neither shows direct evidence of age discrimination, nor establishes a prima facie case of age discrimination. *See Byrnes v. LCI Communication Holdings Co.*, 77 Ohio St.3d 125, 672 N.E.2d 145, 148 (1996); *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 664 N.E.2d 1272, 1279 (1996); *Barker v. Scovill, Inc., Schrader Bellows Div.*, 6 Ohio St.3d 146, 451 N.E.2d 807, 808–09 (1983); *Ahern v. Ameritech Corp.*, 137 Ohio App.3d 754, 739 N.E.2d 1184, 1194–95 (2000). Further, for the reasons that Hillman cannot prove his claim of age discrimination, his state-law claims for intentional infliction or emotional distress and wrongful discharge similarly fail. *See Miller v. Premier Indus. Corp.*, 136 Ohio App.3d 662, 737 N.E.2d 594, 603 (2000); *Mayo v. Kenwood County Club, Inc.*, 134 Ohio App.3d 336, 731 N.E.2d 190, 197 (1999); *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 677 N.E.2d 308, 321 (1997).

Accordingly, we affirm the district court's judgment.