[Cite as *Borad v. April Ents., Inc.*, 2012-Ohio-5096.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ALPHA BORAD | : | |
| | : | Appellate Case No. 25092 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CV-1504 |
| v. | : | |
| | : | |
| APRIL ENTERPRISES, INC. dba | : | (Civil Appeal from |
| WALNUT CREEK NURSING HOME | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2012.

. . . . . . . . . . .

DAVID M. DUWEL, Atty. Reg. #0029583, Duwel Law, 130 West 2nd Street, Suite 2101, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

JAN E. HENSEL, Atty. Reg. #0040785 and ANJALI P. CHAVAN, Atty. Reg. #0088017, Dinsmore & Shohl, LLP, 191 West Nationwide Boulevard, Suite 300, Columbus, Ohio 43215
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

FRANK D. CELEBREZZE, JR., J. (By Assignment):

{¶1} Alpha Borad, the appellant in this case, seeks reversal of summary judgment

granted in favor of her former employer, April Enterprises, Inc. ("April Enterprises"), in her age discrimination suit. Borad alleges that she was fired from her position as a nurse at a long-term care facility operated by April Enterprises because of her age. After a thorough review of the record and law, we affirm summary judgment.

## I. Factual and Procedural History

{¶2} April Enterprises operates Walnut Creek Nursing Center, a long-term care facility in Kettering, Ohio. Borad had been employed by April Enterprises since August 30, 1994, as a registered nurse at the facility.

{¶3} On November 3, 2009, Borad accidentally administered an extra dose of medication to a patient. The patient was supposed to receive 72 units of diabetes medication every 24 hours. However, Borad administered two doses to the same patient during her 12-hour shift. She immediately realized her mistake and informed her supervisor, the Director of Nursing, Stephanie Miller, of the mistake. Miller spoke to the facility's Medical Director, Dr. Visiliu, and a treatment regimen was started to counteract the error. Miller informed Borad that she was suspended pending an investigation, and a written disciplinary infraction statement was provided. The document classified Borad's error as a Class II infraction in a three-tiered system. This indicated the error was serious and potentially harmful to patients. Miller further discussed the incident with Dr. Visiliu, who expressed concern about Borad's performance and abilities as a nurse. Miller stated that, after speaking with Dr. Visiliu, she had serious misgivings about Borad's abilities. She issued a new disciplinary document classifying the infraction as a Class I error and terminated Borad's employment on November 12, 2009.

{¶4} While April Enterprises did not identify any one nurse who was hired to replace Borad, a newly hired nurse, Tammy Mickus, committed the same error that Borad had been fired for — administering a double dose of the same medication to the same patient. Nurse Mickus was apparently not disciplined for making the same error.

{¶5} On February 25, 2011, Borad filed a complaint against April Enterprises with the common pleas court alleging that she was fired based on her age. April Enterprises answered, and contentious discovery was conducted. On December 9, 2011, April Enterprises moved for summary judgment arguing that Borad could not make a prima facie case for a claim of age discrimination. Borad opposed the motion submitting affidavits, April Enterprises's answers to interrogatories, and references to her deposition testimony. The trial court granted April Enterprises's motion on February 16, 2012, finding that Borad could not meet several necessary elements of a claim for age discrimination. Borad timely appealed that determination to this court assigning one error for review.

## II. Law and Analysis

{¶6} Borad's assignment of error states, "[t]he trial court erred by granting April Enterprises, Inc.'s motion for summary judgment and awarding judgment to April Enterprises, Inc.'s [sic] on Alpha Borad [sic] claim for age discrimination when, at least, genuine issues of fact and law remain for a jury's deliberation."

{¶7} Borad is challenging the grant of summary judgment. Civ.R. 56(C) provides that [s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶8} *Smith v. Kelly*, 2d Dist. Clark No. 2011 CA 77, 2012-Ohio-2547, ¶ 14, provides that

[a]n appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241 (1996). We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, * * * 467 N.E.2d 1378 (6th Dist.1983).

{¶9} In order to prevail in these summary proceedings, the moving party must point to "evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve." *Id.* at ¶ 15, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264.

## A. Age Discrimination

{¶10} Borad's claim of age discrimination is rooted in R.C. 4112 et seq., which is the embodiment of Ohio's staunch resolve to remedy instances of discrimination based on "race, color, religion, sex, national origin, handicap, age, or ancestry of any person." R.C. 4112.02(A). Because this statutory scheme is similar to federal discrimination law, "[f]ederal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607, 609, 575 N.E.2d 1164 (1991).

{¶11} Under R.C. 4112.02(A), which sets forth unlawful employer discriminatory practices, it is "an unlawful, discriminatory practice for any employer, because of * * * age * * * to discharge without just cause, * * * or otherwise to discriminate against that person * * * [on] any matter directly or indirectly related to employment."

{¶12} In *Byrnes v. LCI Communication Holdings Co.*, 77 Ohio St.3d 125, 128-129, 1996-Ohio-307, 672 N.E.2d 145 , the Ohio Supreme Court stated that a plaintiff-employee may prove a claim of employer discrimination pursuant to R.C. 4112.02 via two separate methods.

> Discriminatory intent may be established indirectly by the four-part analysis set forth in *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 451 N.E.2d 807 (1983), adopted from the standards established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The *Barker* analysis requires that the plaintiff-employee demonstrate "(1) that he was a member of

the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by or that his discharge permitted the retention of a person not belonging to the protected class."

*Id.*, paragraph one of the syllabus. The fourth prong of this analysis has been broadened, allowing a plaintiff to show a substantially younger individual rather than an individual not belonging to the protected class. *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, paragraph one of the syllabus.

{¶13} The second method to establish discriminatory intent, the court stated, is through direct evidence of discrimination, "which is evidence other than the four-part demonstration of *Barker*. A plaintiff may establish a prima facie case by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." (Internal citations omitted.) *Byrnes* at 128-129.

{¶14} The trial court found that Borad failed to set forth a prima facie case of age discrimination because she could not show that she was replaced by a substantially younger individual or that a comparable non-protected person was treated more favorably.

{¶15} April Enterprises's argument that Borad was not replaced by a substantially younger individual is partially based on its discovery responses, which refused to identify a single individual hired to replace Borad. Borad averred that as many as three nurses were hired soon after Borad's termination. However, Borad's affidavit stating this fails to show how she would have personal knowledge of this fact. Her deposition testimony demonstrates that she was told this by other nurses still working at Walnut Creek, but Borad did not provide any affidavits from these nurses. While April Enterprises's incalcitrant discovery responses

should not be rewarded, an affidavit from any of the nurses Borad spoke with would provide evidence that younger individuals were hired to replace Borad. Without such evidence, Borad cannot meet the fourth prong of a prima facie case by showing she was replaced by a substantially younger individual.

{¶16} The trial court also found that Borad did not show she was treated less favorably than a non-protected individual. Borad averred that Nurse Mickus committed the same error to the same patient as Borad did and that Nurse Mickus was not disciplined. April Enterprises admitted Nurse Mickus committed the same error as Borad in its answers to interrogatories. However, Nurse Mickus is not similarly situated to Borad in a way that would sustain her burden of showing a younger individual was treated differently.

{¶17} In order to satisfy the alternative requirement of demonstrating that a younger individual was treated more favorably,

> the employee claiming disparate treatment must compare [her]self to those co-employees receiving punishment who are "similarly situated in all respects."
>
> *Mitchell v. Toledo Hospital* (C.A.6, 1992), 964 F.2d 577, 583. To be "similarly situated," the employees with whom the employee makes the comparison to establish disparate treatment "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id.

*Bullock v. Totes, Inc.*, 1st Dist. Hamilton No. C-000269, 2000 WL 1867400, * 5 (Dec. 22, 2000).

{¶18} Here, the individuals are not similarly situated. Mickus was newly hired, fresh out of nursing school, with less than two weeks of experience. Her mistake in administering an additional dose of medication cannot be compared to a nurse with 15 years of experience. The two also had different supervisors. Borad was supervised and terminated by Miller, who was transferred to a different division by the time Mickus was hired.

{¶19} While the conduct was the same, differentiating and mitigating circumstances exist to distinguish Mickus from Borad, and she cannot be used to establish that a non-protected person was treated more favorably. Therefore, the trial court did not err in granting summary judgment in favor of April Enterprises. Borad failed to show that any material issue of fact existed based on reliable, admissible evidence.

## III. Conclusion

{¶20} The trial court found that appellant failed to set forth a prima facie case of age discrimination because Borad could not demonstrate that she was replaced by a substantially younger person or that she was treated differently from a substantially similar individual. This court reaches the same conclusion. Therefore, the trial court did not err by granting April Enterprises's motion for summary judgment.

{¶21} Judgment affirmed.

. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

David M. Duwel
Jan E. Hensel
Anjali P. Chavan
Hon. Connie S. Price