OPINION
Appellant, Stanley A. Wallace, appeals a summary judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of Muskingum Watershed Conservancy District on appellant's claim of employment discrimination. Appellant assigns five errors to the trial court.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THE ELEMENTS NECESSARY TO EVALUATE WHETHER A PERSON IS "REGARDED AS" HAVING A DISABILITY.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT PLAINTIFF/APPELLANT WALLACE FAILED "TO ADEQUATELY ALLEGE" THAT HE WAS "REGARDED AS" HAVING A DISABILITY.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONSIDERING THAT PLAINTIFF/APPELLANT WALLACE WAS ASSERTING THAT IT WAS THE "MEDICAL LEAVE DUE TO STRESS", RATHER THAN A "PERCEIVED CONTINUING MEDICAL CONDITION" WHICH WAS THE PRETEXTUAL REASON FOR THE TERMINATION WITHOUT JUST CAUSE.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT THERE WERE NO GENUINE DISPUTES AS TO THE MATERIAL FACTS REGARDING A PRIMA FACIE CASE.
 V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT THERE WERE NO GENUINE DISPUTES AS TO THE MATERIAL FACTS REGARDING THE PRETEXTUAL REASONS GIVEN FOR TERMINATION.
Certain facts are undisputed in the record. In August of 1970, appellant began to work for appellee. Appellee terminated appellant on August 15, 1997, after an incident wherein appellant cut the hair of a subordinate. Appellant filed a complaint against appellee claiming employment discrimination, specifically, that appellee wrongfully terminated him based upon the "perceived" disability of emotional distress. Appellant claimed the termination was a violation of the Americans With Disability Act. The trial court found appellant had failed to adequately allege that his medical leave due to stress was regarded as substantially limiting him in the major life activity of working. The court found the record clearly demonstrated appellee regarded appellant as unqualified to maintain his employment after the haircutting incident. On this basis, the trial court entered summary judgment on behalf of appellee.
 I, II, III, IV, V
All these assignments of error challenge the trial court's decision finding no genuine issues of material fact, and the trial court's wording in the judgment entry including as a matter of law summary judgment was appropriate. Civ.R. 56 (C) Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 321. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35. In its motion for summary judgment, appellee argued the complaint should be dismissed for failure to exhaust administrative remedies. This argument was made again in appellee's reply brief at 15-18. The trial court did not address this argument and appellee has not cross-appealed the trial court's silence on this issue. However, because of our position as de novo review, we will address it. Under the Disciplinary Appeal section of appellee's "Personnel Policies," attached to appellee's motion for summary judgment filed September 22, 1999 as Exhibit B, appellee afforded appellant the right to an administrative appeal culminating in arbitration: District employees shall not be disciplined, demoted or discharged without cause. Whenever an employee claims that action has been taken improperly by the District, appeal shall be made as follows.
First: A short and plain written statement of the claim and request for appeal must be given to the department manager within five (5) working days of the District action. * * *
Second: The employee may appeal the decision of the department manager to the General Manger (sic) by a written request to the General Manager for review within five (5) working days of your receipt of the decision of the department manager. * * *
Third: The employee may appeal the decision of the General Manager to the Board of Directors by written request to the General Manager for review by the Board of Directors (at their next regular meeting) within five (5) working days of your receipt of the decision of the General Manager. * * *
In cases of discharge, if the employee does not agree with the decision of the Board, he may, with ten (10) working days of issuance of the Board's decision, appeal the decision to arbitration.
In support of this issue, appellee cites the case of Nemazee v. Mt. Sinai Medical Ctr. (1990), 56 Ohio St.3d 109, wherein the Supreme Court of Ohio held a privately employed individual must follow the administrative procedures set forth in an employment handbook before filing a lawsuit. Appellee also cited federal cases involving the enforcement of the administrative remedies pursuant to a federal statutory right. Gilmer v. Interstate/Johnson Lane Corp. (1991),500 U.S. 20.
However, we note that the "Personnel Policies" also includes a provision which provides for direct appeal of discrimination grievances to the Equal Employment Opportunity Commission: Title VII of the Civil Rights Act of 1964, as amended, administered by the Equal Opportunity Commission prohibits discrimination because of Race, Color, Religion, Sex or National Origin. Any person who believes he or she has been discriminated against should contact: The Equal Employment Opportunity Commission, 2401 E. Street, N.W., Washington, D.C., 20505, or any of its District offices.
We find these two competing provisions should be resolved in favor of appellant. Upon review, we find it was not necessary for appellant to exhaust all of his administrative remedies given the EEOC appeal provision in the "Personnel Policies." In Vahila v. Hall (1997),77 Ohio St.3d 421, the Ohio Supreme Court set forth the general procedures the parties must follow on summary judgment. The party seeking summary judgment on the claim that the non-moving party cannot prove its case must initially inform the trial court of the basis for the motion and identify the parts of the record demonstrating there is no genuine issue of material fact on the essential elements of the non-moving party's claims. This may not be done with a simple conclusory assertion that the non-moving party has no evidence, but rather, the party making the summary judgment motion must be able to specifically point to some evidence which affirmatively demonstrates the non-moving party has no evidence to support its claims. If the moving party cannot satisfy the initial burden, the trial court must overrule the motion for summary judgment. If the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden to set forth the specific facts to show there is a genuine issue for trial. If the non-moving party cannot respond in this manner, the trial court should enter a summary judgment against the non-moving party if it is warranted by law. The above procedure is slightly more complicated in a discriminatory discharge case. In McDonnell-Douglas Corporation v. Green (1973),411 U.S. 792, and adopted by the Ohio Supreme Court in Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146, a burden-shifting procedure is set forth. First, the plaintiff must show he is able to establish all the elements of a prima facie case of discrimination. If he is successful, the burden then shifts to the employer to provide a legitimate and non-discriminatory explanation for terminating the employee. If the employer is able to do so, the burden shifts back to the plaintiff to demonstrate the defendant's proffered reasons were not the true reasons, but were pre-textual. In Manzer v. Diamond Shamrock Chemical Company (6th Cir. 1994), 29 F.3d 1078, the Sixth Circuit Court of Appeals outlined the procedure whereby an appellant rebuts the appellee's reasons for termination. The Manzer court noted there were three responses the plaintiff could make. First, the plaintiff could argue the employer's reasons had no basis in fact, that is, the triggering events simply did not happen. Secondly, the employee could admit the incident happened, and was adequate grounds for firing, but argue that nevertheless, the incident was not what actually motivated the employer to fire him. The third alternative is that the incident did happen, but it was an insufficient reason to fire him, and consequently, there were other motivations, Manzer at 1083-84, citations deleted. The Manzer court noted the first and third alternatives are easy to recognize. The argument that the incident was insufficient to motivate discharge is ordinarily rebutted by evidence that other employees were not fired even though they engaged in substantially identical conduct as that which the employer contends motivated its discharge of the plaintiff. We will move now to appellant's allegations. The first cause of action in the complaint sub judice alleged employment discrimination under R.C. 4112.09 (A)(E) at paragraphs 13, 14 and 15:13. Plaintiff Wallace contends that the dismissal in August of 1997 is an unjustified disciplinary action which, but for the mistaken perception of Defendant Employer and its agents including John Hoopingarner regarding a `perceived handicap', would never have justified dismissal.
14. Plaintiff Wallace contends that but for the mistaken perception that Plaintiff Wallace was suffering under a handicap, dismissal would not have been an appropriate response to the events in August of 1997.
15. Defendant Employer and its agents knew, or should have known, that Ohio Revised Code Section 4112.02(A), (E), it is illegal for an employer to discriminate without just cause or to otherwise discriminate against any person because of any handicap, or perceived handicap, as that term is defined in Ohio Revised Code Section 4112.01 (A)(13).
The second cause of action alleged employment discrimination under the Americans with Disabilities Act, Section 12102(2)(c), Title 42, U.S. Code, at paragraphs 25 and 26:25. Defendant Employer and its agents knew, or should have known, that discrimination for perceived handicap discrimination was illegal under the statutes set forth above, including42 U.S.C. § 12102(2)(c); `being regarded as having an impairment'.
26. The dismissal of Plaintiff Wallace is thus wrongful and is in violation of the Americans with Disabilities Act.
The prevailing United States and Ohio law requires a plaintiff to establish the following: In order to establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question. (Hazlett v. Martin Chevrolet, Inc. [1986], 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478, followed.)
Hood v. Diamond Products, Inc. (1996), 74 Ohio St.3d 298, syllabus.
Appellant here did not argue that he is handicapped but that appellee "perceived" he had a handicap, although unfounded, and terminated him because of said perception. To support this argument, appellant set forth specific historical facts regarding his employment in his appellate reply brief at 13:1 — reduction in personnel with Appellant's department leading to stress to 1995, Wallace 40-42, App. pages 128-30;
2 — the callous disregard for stress Mr. Hoopingarner expressed in April 1995 meeting with Appellant Wallace, Wallace 62, App. page 136.
3 — and negative performance appraisal for the first time in Appellant Wallace's implement shortly following the April 1995 meeting, Wallace 159, App. page 133;
4 — dismissal without warning in the late summer of 1995 even though another job was available, Wallace 59, App. page 133 and Hoopingarner 51, App. page 171;
5 — the December 1996 demand for medical leave, Exhibit 8, App. 117;
6 — continuing concerns regarding allegations that Appellant Wallace associated names of superiors with trees at which he shot guns to relieve stress, Hoopingarner 12, App. page 277; Note, Appellant Wallace denies that any names were associated with trees, Wallace 87, App. page 276;
7 — A warning by Mr. Hoopingarner to Mr. Bible, another superior of Appellant Wallace, based on the conduct, Hoopingarner 13, App. page 160; and
8 — A discussion of the conduct regarding target practice between Mr. Hoopingarner and Dr. Vild, Hoopingarner 23, App. page 164;
It is appellee's position that the above facts do not lead to the conclusion that it perceived appellant to have a handicap. Appellee argues knowledge of stress does not equate to a disability perception. In Sutton v. United Airlines (1999), 527 U.S. 471, 119 S.Ct. 2139,2149-2150, Justice O'Connor elaborated upon the "perceived disability" category as follows: Under subsection (C), individuals who are `regarded as' having a disability are disabled within the meaning of the ADA. See § 12102(2)(C). Subsection (C) provides that having a disability includes `being regarded as having,' § 12102(2)(C), `a physical or mental impairment that substantially limits one or more of the major life activities of such individual,' § 12102(2)(A). There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual-it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. These misperceptions often `resul[t] from stereotypic assumptions not truly indicative of . . . individual ability.' See42 U.S.C. § 12101(7). See also School Bd. of Nassau Cty. v. Arline,480 U.S. 273, 284 (1987) (`By amending the definition of "handicapped individual" to include not only those who are actually physically impaired, but also those who are regarded as impaired and who, as a result, are substantially limited in a major life activity, Congress acknowledged that society's accumulated myths and fears about disability and disease are as handicapping as are the physical limitations that flow from actual impairment'); 29 CFR pt. 1630, App. § 1630.2(1) (explaining that the purpose of the regarded as prong is to cover individuals `rejected from a job because of the "myths, fears and stereotypes" associated with disabilities.'
The facts sub judice are not similar to the issues raised in Sutton. In Sutton, impairment was not contested by either party. The issue was whether the pilots' limited vision impaired a major life function. Here, appellant denies he has a disability. He argues appellee believes he has a disability. Appellee argues they do not believe he has a disability. Appellee further claims a legitimate non-pretextual reason for terminating appellant's employment. Under the standard required in a Civ.R. 56 motion, we are required to weigh the facts most favorably for the non-moving party (appellant herein). Therefore, with the eight items presented by appellant, cited supra, we are required to accept for summary judgment purposes only that said items establish a perception on the part of appellee that appellant has a disability. Given this presumption, we must now determine if appellee's termination was pretextual or not. To rebut his employer's claimed non-discriminatory reason for firing him, appellant submitted materials first offered in his unemployment compensation claim. In the unemployment compensation case, and here, appellant admits the hair cutting incident did occur, but urges it was insufficient to warrant his firing. This is the third alternative enunciated in Manzer, supra. As noted above, Manzer stated that ordinarily the employer's reasons for discharge are rebutted by evidence other employees, particularly employees not in the protected class, were retained even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff. Appellant did not offer evidence there were employees engaged in substantially identical conduct. Nevertheless, appellant presented evidence that given his substantial length of time in his employment, his previous work evaluation, and the general climate, prevailing in the office at the time of the incident, the employer magnified the incident into the reason for termination. A reasonable jury could find given the circumstances of the incident, in that the employee participated in the horseplay and invited appellant to cut her hair, firing was too extreme a sanction. We find the record demonstrates appellant put forth sufficient evidence to rebut his employer's claimed reason for discharging him. Accordingly, we conclude the matter presented an issue for the jury's consideration. For this reasons, the trial court erred in granting summary judgment.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 ____________________ Gwin, P.J.,
Hoffman, J. concur. Farmer, J., dissents.