KEENER, Appellant,

v.

LEGACY HEALTH SERVICES, Appellee.

[Cite as *Keener v. Legacy Health Serv.*, 148 Ohio App.3d 321, 2001-Ohio-4384.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78536.

Decided July 16, 2001.

322

Michael Terrence Conway Co. and Michael Terrence Conway, for appellant.

Benesch, Friedlander, Coplan & Aronoff and Ann E. Knuth, for appellee.

---

PATRICIA ANN BLACKMON, Judge.

{¶ 1} Appellant Marilyn Keener appeals from the trial court's grant of summary judgment in favor of appellee Legacy Health Services. Keener argues that Legacy committed age discrimination when it terminated her employment. Further, Keener argues that Legacy is obliged to assume an automobile lease which it had paid during her employment with Legacy. Keener assigns the following as errors for our review:

{¶ 2} "I. The trial court erred to the prejudice of the plaintiff-appellant when it dismissed the plaintiff's age discrimination in employment case brought against defendant-appellee pursuant to the defendant's motion for summary judgment claiming there was insufficient evidence to prove elements three and four of the *Barker* circumstantial age discrimination in employment test.

{¶ 3} "II. The trial court erred to the prejudice of the plaintiff-appellant when it dismissed the plaintiff's age discrimination in employment case brought against defendant-appellee pursuant to the defendant's motion for summary judgment claiming there was insufficient evidence to prove plaintiff was replaced by a younger person outside of a protected class.

{¶ 4} "III. The trial court erred to the prejudice of the plaintiff-appellant when it dismissed the plaintiff's age discrimination in employment case brought against defendant-appellee pursuant to the defendant's motion for summary judgment claiming there was insufficient direct evidence that defendant committed an act of age discrimination by terminating the plaintiff-appellant.

{¶ 5} "IV. The trial court erred to the prejudice of the plaintiff-appellant when it dismissed the plaintiff's estoppel/breach of contract case pursuant to the defendant's motion for summary judgment claiming in effect there was insufficient evidence to prove plaintiff's case."

{¶ 6} Having reviewed the record and the legal arguments of the parties we affirm the decision of the trial court. The apposite facts follow.

{¶ 7} Beginning in 1989, Legacy employed Keener as Director of Nursing ("DON") at its Franklin Plaza location. As an employment benefit, Legacy paid Keener's automobile lease beginning in 1994. In 1996, Legacy promoted Keener to the newly created Corporate Director of Nursing ("CDON") position. In 1998, Keener leased a new vehicle, and Legacy met these lease payment, as well.

{¶ 8} On at least one occasion during her tenure as CDON, Bruce Daskal, Legacy's general manager, offered Keener her previous position as DON at Franklin Plaza. Keener remained as CDON until May 24, 1999, when Legacy employees, Sarah Harris and Laurie Bruder, informed her that Legacy's corporate directors decided to eliminate the CDON position. Consequently, Legacy no longer employed Keener and ceased to meet Keener's automobile lease payments.

{¶ 9} Keener, age 52, brought this action against Legacy, claiming that Legacy engaged in age discrimination by terminating her, and replacing her with a 42-year-old woman. Keener also claimed that Legacy breached a contract whereby Legacy would pay for her leased vehicle even after Legacy ceased to employ her.

{¶ 10} Legacy denied both claims and moved the trial court for summary judgment. On August 7, 2000, the trial court granted summary judgment in favor of Legacy.

{¶ 11} On appeal, Keener urges that the trial court erred in granting Legacy's motion for summary judgment regarding both the age-discrimination and breach-of-contract claims.

{¶ 12} We review an appeal from summary judgment under a de novo standard of review. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157; *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 18 O.O.3d 354, 413 N.E.2d 1187. We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534; *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 661 N.E.2d 796; *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 622 N.E.2d 1153. Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.* (1999), 86 Ohio St.3d 414, 715 N.E.2d 532; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267, 273–274. Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no

issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274. If the movant fails to meet this burden, summary judgment is not appropriate. Id. If the movant meets this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact. Id.

{¶ 13} We jointly address Keener's first three assignments of error as they contemplate similar propositions of law and stem from the single complaint that Legacy committed age discrimination against Keener. Under each of Keener's first three assignments of error, our query is whether Legacy presented sufficient evidence to satisfy its burden under Civ.R. 56. Viewing the record most strongly in Keener's favor, we conclude that Legacy met its burden.

{¶ 14} R.C. 4112.14(A) provides:

{¶ 15} "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

{¶ 16} Under Ohio law, a plaintiff may make out a prima facie case of age discrimination in one of two ways. First, a plaintiff may use direct evidence of age discrimination which tends to show by a preponderance that the employer was motivated by discriminatory intent in discharging the employee. *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Second, a plaintiff may use indirect evidence by satisfying the four-part analysis provided by *Barker v. Scovill* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, which stems from the United States Supreme Court's decision in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. The *Barker* analysis requires a plaintiff to show that (1) the employee belonged to a statutorily protected class, (2) the employer discharged the employee, (3) the employee was qualified for the position from which discharged, and (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the statutorily protected class. *Barker v. Scovill* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus. Defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for the plaintiff's discharge. Id. Finally, the plaintiff must be allowed to show that the rationale set forth by the employer was only a pretext for unlawful discrimination. Id.

{¶ 17} Keener correctly argues that the United States Supreme Court, in *O'Connor v. Consolidated Coin Caterers Corp.* (1996), 517 U.S. 308, 116 S.Ct.

1307, 134 L.Ed.2d 433, modified the fourth element of the *Barker* analysis as it applies to age discrimination cases. As modified, Keener may satisfy *Barker's* fourth element by demonstrating that her replacement was substantially younger than she, even if the replacement also falls within the protected class. Although the Ohio Supreme Court noted this development in *Mauzy,* the court chose not to adopt the *O'Connor* modified standard. See *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145; *Mauzy.* Instead, the Ohio Supreme Court reiterated the necessity of making the *Barker* four-part showing, which requires the plaintiff to prove that "he [or she] was replaced by, or that his [or her] discharge permitted the retention of, a person not belonging to the protected class," where a plaintiff lacks direct evidence of discriminatory intent. *Byrnes* at 128, 672 N.E.2d 145.

{¶ 18} In her first two assignments of error, Keener argues that she satisfied the *Barker* analysis. Keener was age fifty-two at the time of her supposed discharge and, thus, belonged to the statutorily protected class of persons forty years of age or older. A question remains, however, whether Keener met the second and third *Barker* criteria. The record presents inconclusive evidence of whether Legacy discharged Keener, or whether Keener chose not to accept an alternate offer of comparable employment and, thus, voluntarily left Legacy's employ. A question also exists whether Keener was qualified for the CDON position.

{¶ 19} Regardless of whether Keener satisfied elements two or three, both Legacy and Keener agree that Hahn was age 42 when she supposedly replaced Keener. The fourth element of *Barker* requires the plaintiff to demonstrate that the employer replaced, or the discharge permitted the employer to retain, a person not belonging to the statutorily protected class. Because the statutorily protected class includes persons age forty and older, and Hahn was age forty-two, Keener failed to satisfy the fourth prong of the *Barker* analysis. Therefore, Keener failed to establish a prima facie case of age discrimination under *Barker.*

{¶ 20} In her third assignment of error, Keener primarily relies on the following deposition excerpt as direct evidence of age discrimination.

{¶ 21} "By Keener's attorney: [Keener's] age was a concern to the company wasn't it?

{¶ 22} "Harris: No.

{¶ 23} "* * *

{¶ 24} "Q: It never crossed your mind, right?

{¶ 25} "A: *I can't say that.*

{¶ 26} "* * *

{¶ 27} "A: I did not feel—Marilyn Keener's age * * * was not a *key factor* in her elimination of her—job position." (Emphasis added.)

{¶ 28} Keener also cites comments made by Harris referring to Keener's decisions as "old fashioned," an "old way of thinking," and a "Marilyn Keener way of thinking."

{¶ 29} These statements do not directly establish by a preponderance that Legacy was motivated by a discriminatory intent in discharging Keener. The evidence does not conclusively support that Legacy terminated Keener; Harris merely informed Keener of Legacy's decision to eliminate the CDON position. Even if we interpret this as a discharge, it does not show that Legacy harbored any discriminatory intent. Therefore, Keener failed to present direct evidence that establishes by a preponderance that Legacy engaged in age discrimination.

{¶ 30} Having determined that Keener failed to present sufficient direct and indirect evidence, we overrule Keener's first, second, and third assignments of error.

{¶ 31} In her fourth assignment of error, Keener argues that the trial court erred in granting summary judgment regarding her breach of contract claim. Again we proceed under a de novo standard of review.

{¶ 32} The record supports Legacy's position that no contract existed between Keener and Legacy for the continued payment of Keener's leased automobile after Keener ceased to work for Legacy. In his deposition, Daskal stated, "[W]e did not want to own the car, we did not want to assume responsibility for the car. As long as she worked for us, we would pay for the car. That was always the understanding." In her deposition, Keener corroborated Daskal's testimony, stating that she never signed an agreement with Legacy for Legacy to pay for her car lease, either during or after her employment with Legacy. Further, when Legacy's attorney asked Keener whether any agreement existed pertaining to payment of the lease upon her termination from Legacy, Keener responded, "I don't think that that was an issue that even came up. That was never discussed because it was probably an issue that I never thought I would see." The record clearly indicates that no express contract existed between Keener and Legacy for the payment of Keener's leased automobile.

{¶ 33} Keener alternatively argues that Legacy is obligated to pay the automobile lease base on promissory estoppel. This argument also fails. For promissory estoppel to apply, there must be (1) a clear and unambiguous promise, (2) reasonable reliance by the party to whom the promise was made, and (3) harm suffered by the person to whom the promise was made. *Cohen & Co.,*

*CPAs v. Messina, CPA* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 492 N.E.2d 867, 872.

{¶ 34} Here, Keener admitted that Legacy never promised to pay for the leased vehicle upon her discharge from Legacy; the promise extended only as a benefit of her employment while still employed by Legacy. Therefore the first required element for promissory estoppel is absent, and we need not address elements two or three.

{¶ 35} Accordingly, we overrule Keener's fourth assignment of error.

Judgment affirmed.

ANNE L. KILBANE and TERRENCE O'DONNELL, JJ., concur.