JOURNAL ENTRY AND OPINION
 I. {¶ 1} Defendant-appellant Cuyahoga Community College ("Tri-C") appeals the trial court's denial of its multiple motions with respect to an age discrimination suit brought by its former employee, plaintiff-appellee Mary Ann Stevenson ("Stevenson"). The matter proceeded to a jury trial, after which the trial court entered a verdict in favor of Stevenson. For the reasons set forth below, we reverse.
 II. {¶ 2} Stevenson had been employed at Tri-C from 1991 until July of 2000 through a series of non-renewable, one-year contracts. Tri-C initially hired Stevenson as Dean of Nursing, and promoted her to Dean of Instruction at Tri-C's Eastern Campus in 1993. In 1996, Tri-C selected Stevenson for the position of Dean of Health Careers and Sciences on the Metropolitan Campus. As Dean of Health Careers and Sciences, Stevenson was responsible for the college-wide coordination of all programs and courses in this academic area. Stevenson worked under the direction of Alex Johnson, Ph.D., President of the Metropolitan Campus.
 {¶ 3} In September 1999, Stevenson had a hip replacement and went on a three-month disability leave. During her leave, Dr. Johnson began to express his dissatisfaction about the lack of development of the surgical technology ("surg-tech") program and an escalating personnel issue affecting the emergency technology ("EMT") program. Dr. Johnson sent Stevenson a letter on January 13, 2000 informing her that her failure to resolve these issues would question her ability to lead Health Careers and Sciences at the college. Stevenson responded with proposed intervention strategies to which Dr. Johnson never responded.
 {¶ 4} Despite Dr. Johnson's stated concerns, his performance evaluations of Stevenson in August 1999 and January 2000 indicated she "[m]et work objectives in support of College and unit goals" without comment as to Stevenson's leadership performance. Further, as early as late 1999, Dr. Johnson informed Human Resources that he was thinking of not renewing Stevenson's contract. In the spring of 2000, Dr. Johnson followed through with his recommendation that Tri-C not renew Stevenson's contract. Susan Gifford, Assistant Vice President of Human Resources, issued a letter to Stevenson on May 2, 2000, informing her that her current one-year contract would not be renewed. She was 64 years of age.
 {¶ 5} Following receipt of this letter, Stevenson requested and was granted an extra month of employment so that she could retire with greater benefits. Tri-C filled Stevenson's position as Dean of Health Careers and Sciences with two interim replacements. At the time of trial, the position remained unfilled.
 {¶ 6} Stevenson brought an age and gender discrimination suit (she later dismissed the gender discrimination claim). The trial court denied Tri-C's motion for summary judgment and its two motions for a directed verdict. After the jury returned a verdict in Stevenson's favor (in the amount of $670,000), Tri-C filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. Again, the court denied Tri-C's motion. Finally, the court granted Stevenson's motion for prejudgment interest.
 {¶ 7} On appeal, Tri-C argues that the court erred by not granting any of its motions because Stevenson failed to establish a prima facie case of age discrimination and because she failed to rebut Tri-C's legitimate nondiscriminatory reason for not renewing her contract.
 III. A. {¶ 8} A plaintiff may make a prima facie showing of age discrimination in one of two ways. One, a plaintiff must "use direct evidence of age discrimination which tends to show by a preponderance of the evidence that the employer was motivated by discriminatory intent in discharging the employee." Keener v. Legacy Health Services (2001),148 Ohio App.3d 321, 325. Direct evidence, explained the Ohio supreme court, means "that a plaintiff may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that the employer more likely than not was motivated by discriminatory intent." Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 587.
 B. {¶ 9} The second means of making such a prima facie case requires the plaintiff to show: (1) that he was a member of the statutorily-protected class; (2) that he was discharged (or that the employer took an action adverse to the plaintiff's employment); (3) that he was qualified for the position; and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Barker v. Scovill (1983), 6 Ohio St.3d 146, paragraph one of the syllabus.
 {¶ 10} If such a prima facie case is made, the defendant-employer "may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for plaintiff's discharge. Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination." Id.
 C. {¶ 11} Here, Stevenson has failed to use any direct evidence "which tends to show" that Tri-C "was motivated by discriminatory intent[.]" Evidence shows that, at least on the face, that Tri-C decided not to offer another one-year contract because of her performance. Specifically, when Stevenson took a leave of absence to recover from her hip injury, her supervisor noticed that she had fallen behind in her work. Further, there is no evidence that Tri-C stated that her contract was not being extended because of her age. Therefore, Stevenson's case — —and our analysis — —rests on the four-prong test outline in Barker.
 III. {¶ 12} On appeal, Tri-C argues that Stevenson failed to make a prima facie showing of age discrimination in that she failed to meet prongs 2 and 4 of the above test. She failed prong 2, Tri-C argues, because she was never discharged; rather, her one-year, non-renewable contract expired. Further, Tri-C argues that she did not suffer any adverse affect because she retired with the benefit of 35 years' worth of retirement time. Finally, Tri-C argues that she failed prong 4 since both of her replacements were members of her protected class.
 {¶ 13} Tri-C asks this court to hold that the trial court erred in denying its motions for summary judgment, directed verdict, and judgment notwithstanding the verdict or, in the alternative, a new trial. Further, Tri-C argues that the court erred by granting Stevenson prejudgment interest.
 A. {¶ 14} We apply the same standard of review to a trial court's decisions with respect to directed verdicts and to judgments notwithstanding the verdict:
 {¶ 15} "A motion for directed verdict or JNOV must be granted if `the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.' Civ.R. 50(A)(4); Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, 137,477 N.E.2d 1145. The court does not engage in a weighing of the evidence or evaluate the credibility of the witnesses; rather, the issue is solely a question of law — did the plaintiff present sufficient material evidence at trial on a claim for relief to create a factual question for the jury? Malone v. Courtyard By Marriott (1996), 74 Ohio St.3d 440,445, 659 N.E.2d 1242. Appellate review of a motion for directed verdict or JNOV is de novo. Whitaker v. Kear (1997), 123 Ohio App.3d 413, 422,704 N.E.2d 317; Howell v. Dayton Power Light Co. (1995),102 Ohio App.3d 6, 13, 656 N.E.2d 957." Olive v. Columbia/HCA HealthcareCorp. (Mar. 9, 2000), Cuyahoga App. Nos. 75249 and 76349.
 {¶ 16} Here, therefore, the question is whether Stevenson presented sufficient evidence to create a factual question for the jury. In other words, did Stevenson make out a prima facie case of age discrimination? We hold that she did not and we reverse the decision of the trial court.
 B. {¶ 17} We hold that Stevenson failed to show that Tri-C took an adverse action with respect to Stevenson's employment. Stevenson retired after agreeing to a one-month contract extension and, thereby, greater retirement benefits.
 {¶ 18} Stevenson's argument, that she was coerced to make such an arrangement, is unpersuasive. As Stevenson states, she was one month away from thirty years' worth of retirement benefits. Her arrangement with Tri-C for the extra month therefore worked to her benefit. She could have waited out the remaining month or so of her contract and then brought suit for age discrimination. Instead, she made a deal with an employer whom she alleges was discriminating against her.
 {¶ 19} Further, whether Tri-C made this one-month extension a condition of her leaving is irrelevant. The parties here reached an arrangement by which Stevenson agreed to retire and Tri-C agreed, in effect, to increase Stevenson's retirement benefits. Assuming for the sake of argument that Tri-C did plan on not re-hiring her for another year anyway, it nonetheless let her go with greater retirement benefits. And again, she agreed to such an arrangement. Stevenson does not convince us that such action can be described as adverse.
 {¶ 20} Simply put, Tri-C did not take adverse action with respect to Stevenson's employment; it extended her employment for an extra month so that she could receive greater retirement benefits. See, e.g., Barker
and Ackerman v. Diamond Shamrock Corp. (C.A.6 1982), 670 F.2d 66.
 C. {¶ 21} Therefore, we hold that Stevenson failed to make a prima facie showing of age discrimination. In other words, Stevenson failed to "present sufficient material evidence at trial on a claim for relief to create a factual question for the jury[.]" Olive, supra. Because resolution of the above issue is dispositive of this appeal, we need not treat the other issues raised by Tri-C. App.R. 12(A)(1)(c).
 IV. {¶ 22} Because Stevenson failed to make a prima facie case, the trial court erred in denying Tri-C's motions for directed verdict and for judgment notwithstanding the verdict. We therefore reverse.
FRANK D. CELEBREZZE, JR., J, CONCURS.
 SEAN C. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION.