OPINION
Plaintiff-appellant, James L. Coryell, appeals from the judgment of the Franklin County Court of Common Pleas dismissing his suit against defendants-appellees, Bank One Trust Co., William Natsis, and John Abunassar. Appellant's suit consisted of a sole claim for age discrimination under R.C. 4112.02(A) and 4112.99. For the following reasons, we affirm.
In his complaint, appellant alleges that, prior to the termination of his employment, he was Senior Vice President/Managing Director of National Accounts for Institutional Clients Advisory Services at Bank One Trust Co. ("Bank One"). As part of his job responsibilities, appellant headed the Corporate Large Accounts Group for Bank One.
Appellant alleges that, in January 2001, he approached John Abunassar, Director of Institutional Advisory Services for Bank One, with the suggestion that the Corporate Large Accounts Group be transferred to Bank One Investment Advisors. Mr. Abunassar, who was 32 years old at the time, effected the transfer of the Corporate Large Accounts Group to Bank One Investment Advisors in February 2001. This transfer included the transfer of two "team leads" from the Corporate Large Accounts Group, aged approximately 42 years old and 36 years old. However, appellant's employment as Group head was terminated. Appellant was replaced by John Kozak, who was 42 years old at the time he was promoted to the position appellant previously held. Appellant alleges that, while Mr. Kozak had performance problems, appellant had none.
Immediately after answering appellant's complaint, appellees filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Appellant now appeals from the trial court's grant of that motion.
On appeal, appellant assigns the following errors:
"I. The trial court erred in granting defendant's motion to dismiss plaintiff's complaint based on plaintiff's alleged failure to plead a claim for age discrimination through indirect evidence.
"II. The trial court erred in granting defendant's motion to dismiss plaintiff's complaint based on plaintiff's alleged failure to plead a claim for age discrimination through direct evidence.
"III. The trial court erred in granting defendant's motion to dismiss plaintiff's complaint based on plaintiff's alleged failure to plead a claim for age discrimination through either indirect or direct evidence."
Appellate review of motions for judgment on the pleadings under Civ.R. 12(C) is de novo. Fontbank, Inc. v. CompuServe, Inc. (2000),138 Ohio App.3d 801, 807. A motion for judgment on the pleadings is specifically intended for resolving questions of law. Friends of Ferguson v. Ohio Elections Comm. (1997), 117 Ohio App.3d 332, 334. Dismissal under Civ.R. 12(C) is appropriate when a court:
"* * * (1) [C]onstrues the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. * * *" State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570.
Accordingly, a court may grant judgment on the pleadings when no material factual issue exists and the moving party is entitled to judgment as a matter of law. Schweizer v. Riverside Methodist Hospitals (1996), 108 Ohio App.3d 539, 541.
By his first assignment of error, appellant argues that he has pled a prima facie case of age discrimination through indirect evidence. In so arguing, however, appellant relies upon a modified version of the McDonnell Douglas test that the Ohio Supreme Court has not adopted.
In Barker v. Scovil, Inc. (1983), 6 Ohio St.3d 146, the Ohio Supreme Court adopted the analytic framework established in McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817. Accordingly, the court held that, to establish a prima facie case of age discrimination in violation of Ohio law by indirect evidence, a plaintiff must demonstrate:
"* * * (1) [T]hat he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or his discharge permitted the retention of, a person who did not belong to the protected class. * * *" Barker, supra, at 148.
This indirect method of establishing a prima facie case mirrored the indirect method used in federal cases until the advent of O'Connor v. Consolidated Coin Caterers Corp. (1996), 517 U.S. 308, 116 S.Ct. 1307. In that case, the United States Supreme Court altered the fourth element of the McDonnell Douglas prima facie case test as applied to Age Discrimination in Employment Act ("ADEA") claims. Rather than requiring a plaintiff to show that he was replaced by someone outside of the protected class, federal courts now require a plaintiff allegedly dismissed because of his age to show that his replacement is "substantially younger." Id. at 313. In instituting this change in the McDonnell Douglas test, the Supreme Court explained that:
"* * * [The ADEA] does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older. The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age. * * *" [Emphasis sic.] Id. at 312.
After the O'Connor decision was issued, the Ohio Supreme Court decided Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578. There, the court reiterated the elements of the indirect method to establish the prima facie case, but remarked, "[t]he fourth element for the establishment of the prima facie case set forth herein is questionable in light of the recent United States Supreme Court decision in O'Connor." Id. at 582 n. 2.
Approximately eight months after issuing the Mauzy decision, the Ohio Supreme Court again addressed the use of the indirect method of establishing a prima facie case in an age discrimination case. See Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125. Surprisingly, the court did not even address the O'Connor decision in Byrnes. Although the court called the fourth element of the Barker prima facie case "questionable" in Mauzy, in Byrnes, the court relied upon the standard established in Barker, without alteration of the fourth element.
Appellant, however, argues that, as a plurality opinion, the Byrnes decision should have no impact on the issue now before the court. We disagree. In the concurring opinion, Justice Douglas stated his concurrence was "based specifically on the fact that the fourth prong of the test established in Barker * * * is absent in this case, to wit, that plaintiffs-appellees were not replaced by a person or persons not belonging to the protected class." Id. at 131. Thus, a majority of the court applied the Barker test, including the fourth element, in reaching its decision.
Given that the prevailing standard set by the Ohio Supreme Court is the Barker test, we are constrained to apply it here. See Swiggum v. Ameritech Corp. (Sept. 3, 1999), Franklin App. No. 98AP-1031 (considering the impact of the O'Connor decision upon Ohio law, and applying the Barker test). See, also, Mittman v. Bahls, Franklin App. No. 01AP-763, 2002-Ohio-2808, at ¶ 46 (applying the Barker test); Keener v. Legacy Health Servs. (July 5, 2001), Cuyahoga App. No. 78536 (same); McIntosh v. Stanley-Bostitch, Inc. (S.D.Ohio 2000), 82 F. Supp.2d 775, 785-786
(same); Picha v. Medical Mut. (Nov. 2, 2000), Cuyahoga App. No. 77307 (same); Ahern v. Ameritech Corp. (May 22, 2000), Cuyahoga App. No. 75807-75809 (same).
We recognize that at least two other appellate districts have adopted O'Connor. See Outzen v. Continental Gen. Tire, Inc. (Feb. 2, 2000), Summit App. No. 19604; Bullock v. Totes, Inc. (Dec. 22, 2000), Hamilton App. No. C-000269. We, however, conclude that adoption of the O'Connor alteration of the fourth element of the McDonnell Douglas prima facie case test would be contradictory to precedent set by the Ohio Supreme Court.
Applying the Barker test to the case at issue here, we conclude that, based upon the allegations in the complaint, appellant cannot show discriminatory intent using the indirect method of establishing a prima facie case. Appellant cannot satisfy the fourth element of the Barker test because, as he alleges, his replacement is a member of the protected class.
Further, even if the O'Connor alteration to the McDonnell Douglas test was controlling in Ohio, appellant still could not establish a prima facie case using the indirect method. At the time appellant's employment was terminated and he was replaced by Mr. Kozak, appellant was 49 years old and Mr. Kozak was 42 years old. Thus, there is only a seven-year age gap between the two. "[W]here a plaintiff was replaced by an individual who was less than ten years [younger] than the plaintiff, there was not a sufficient disparity in age to establish a prima facie case under McDonnell Douglas." Swiggum, supra. Accordingly, we conclude that appellant's replacement was not "substantially younger" than appellant and, thus, appellant cannot establish a prima facie case even under the McDonnell Douglas test, as modified by the O'Connor standard. Appellant's first assignment of error is overruled.
By appellant's second assignment of error, he argues that his complaint states a claim for age discrimination through direct evidence. In support of his arguments, appellant relies upon his allegation that he was terminated by Mr. Abunassar, who was 32 years old at the time, and replaced by Mr. Kozak, an unqualified 42-year-old individual. He also relies upon the allegation that Mr. Abunassar retained two "team leads" from the Corporate Large Accounts Group one approximately 42 years old and the other 36 years old. These allegations, however, do not create any inference of a discriminatory animus based upon age.
Replacing appellant with another member of the protected class who happens to be younger than appellant does not create any inference that appellant's discharge was motivated by age discrimination, particularly when the age difference is only seven years. Nor does appellant's allegation that his replacement was unqualified for the job create any inference of a discriminatory animus based on age when, again, his replacement was only a little younger than appellant and was also a member of the protected class. Finally, appellee's retention of two employees (one of which is also a member of the protected class), in subordinate positions, is not logically linked to the alleged discriminatory animus in discharging appellant because of his age. See Byrnes, supra, at 130 ("There must be a link or nexus between the discriminatory statement or conduct and the prohibited act of discrimination to establish a violation of the statute"). Because appellant alleges his replacement was only seven years younger and also a member of the protected class, and because his other allegations raise no inference of a discriminatory animus, appellant's second assignment of error is overruled.
By appellant's third assignment of error, he argues that, in dismissing his complaint, the trial court impermissibly set a heightened pleading standard for discrimination cases. Appellant first argues this point with regard to his attempt to plead a claim of age discrimination through indirect evidence, and he cites the recent United States Supreme Court case of Swierkiewicz v. Sorema, N.A. (2002), 534 U.S. 506,122 S.Ct. 992, to support his argument.
In Swierkiewicz, the United States Supreme Court was confronted with the question of "whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas." Id. at 995. Because McDonnell Douglas set forth an evidentiary standard, and not a pleading standard, the court concluded that an employment discrimination complaint did not need to include such facts. Rather, the complaint had only to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. (citing Fed.Civ.R. 8[a][2]).
Here, however, the issue is not whether appellant has pled sufficient facts to establish a prima facie case under the Barker standard, but whether the facts appellant has alleged prevent appellant from establishing that prima facie case. Unlike appellant in Swierkiewicz, appellant included within his complaint allegations that, even when construed in his favor, preclude him as a matter of law from proving all four elements of the Barker test. Therefore, the Swierkiewicz decision is not applicable to this case.
With regard to appellant's attempt to plead a claim of age discrimination through direct evidence, appellant relies upon Conley v. Gibson (1957), 355 U.S. 41, 47, 78 S.Ct. 99, in which the United States Supreme Court stated "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Rather, a complaint needs only to contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). Pursuant to the principles embodied in a notice pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King Spalding (1984), 467 U.S. 69, 73,104 S.Ct. 2229. We disagree with appellant's contention that he is being subjected to a heightened pleading requirement. Rather, as explained above, appellant's complaint indicates that he was replaced by a contemporary who was also a member of the protected class. Therefore, we conclude that appellant does not state a claim for age discrimination through direct evidence because no relief can be granted under any set of facts that could be proved consistent with the allegations in appellant's complaint. Accordingly, we overrule appellant's third assignment of error.
For the foregoing reasons, we overrule appellant's three assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
DESHLER and BROWN, JJ., concur.