JOURNAL ENTRY AND OPINION
Plaintiff-appellant Mick Karaba appeals from the trial court's decision to grant the motion for summary judgment filed by the defendants-appellees Alltel Communications, Inc. and Andrew Perlik II. The appellant has filed this action for age discrimination to R.C. 4112 asserting that he was discharged by the appellee based upon his age. The appellant was forty-one years of age at the time of his separation from Alltel.
The appellant was employed by GTE Communications for thirteen years. When Alltel Communications acquired the Cleveland markets of GTE in July 2000, the appellant became an outside sales manager for Alltel. The appellant was responsible for the east team which was comprised of eight sales persons. Andrew Perlik was the appellant's supervisor and his affidavit is attached to the appellees' motion for summary judgment. Mr. Perlik affirmed that there were problems with the appellant's sales team and that he personally received telephone calls from customers who were unsatisfied with the response they received to complaints. During his investigation of these problems, Mr. Perlik discovered that there were customers without signed contracts and that some of the sales team members were making sales outside of their assigned territory. These improper sales tactics and poor customer service led to loss of business. On January 15, 2001, Mr. Perlik and his supervisor, Paul Sopko, met with the appellant. The appellant was given a performance action plan to assist in remedying these problems.
Alltel announced a reduction in force on February 15, 2001, and the appellant's position was eliminated. Ms. Susan Payne, Vice President and General Manager of Alltel, affirmed that the appellant's position was eliminated as part of a nationwide reduction in force and reorganization implemented to reduce costs. Ms. Payne stated in her affidavit that she, Michael Rhoda and Paul Sopko participated in the decision. Mr. Perlik affirmed that he did not participate in this decision. Ms. Payne stated that Mr. Perlik did not participate in the decision because his position was one of the ones under consideration for elimination. In addition to Mr. Perlik (dob 9/3/51), the other positions under consideration for elimination were that of Brian Bottger (dob 12/23/71) and Rob Pagura (dob 11/8/68). Ms. Payne participated in the decision to eliminate the position of a sales manger in Toledo, Jeff Mart (dob 4/17/65) who was also given an action plan due to recent sales performance difficulties. Ms. Payne affirmed that age was not a factor in the decision to eliminate the appellant's position. The supervisory responsibility for the appellant's sales team personnel was divided between the existing major accounts sales team and the existing west sales team.
In support of his allegation that he was discriminated against based upon his age, the appellant points to a few instances of perceived discriminatory conduct. The appellant's basis for believing he was discriminated against was that the word `dinosaur' was used to describe him (Karaba depo. T. 90). This term was used by Mr. Perlik to the appellant personally and it was reported to him by two members of his east sales team that Mr. Perlik referred to the appellant as such. The appellant also stated in his deposition that Mr. Perlik referred to him has a dinosaur prior to the time Mr. Perlik was his supervisor and prior to his employment by Alltel. The appellant was offended when his office, including his sales team, placed a Happy 40th Birthday sign in front of the company along with forty plastic dinosaurs.
Finally, the appellant perceived that he was discriminated against when Mr. Perlik sent an email on February 19, 2001, to the employees informing them of the reorganization. The email states in part, Alltel's competitiveness and subsequently our channel's competitiveness depends on how efficient and productive we can be, both individually and as a team. This calls for changes in our traditional thinking and our structure. I have realigned our channel to optimize the use and sharing of our skills and resources. The email details the redeployment of personnel and then states: Naturally the old east, west team mentality goes the way of the dinosaur and new team names are needed. I have challenged Rob and Brian to work with you to come up with a new name. This name will identify the team from now on. Be creative and select a name that captures the spirit, goals, and mission of your team. The email concludes with an achievement pep-talk to the sales department.
The appellant points to the deposition testimony of Paul Sopko for affirmation of his belief that although there was an action plan formulated, his compliance was completed quickly and accurately (Sopko depo. T. 40). Mr. Sopko also testified that the appellant was an excellent sales person who had been given many awards. The appellant thus concludes that the reduction in force was a pretextual reason for his dismissal.
The appellant sets forth only one assignment of error, but within the assignment there are three subparts. The appellant argues that the trial court erred in granting the motion for summary judgment filed by the appellees because: 1) he presented sufficient credible evidence of prima facie age discrimination; 2) he presented sufficient evidence of pretextual termination; and, 3) he is not required to prove direct evidence of discrimination.
An appellate court reviews a summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, as follows: Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus.
The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,292-293, 662 N.E.2d 264, 273-274. Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
In Keener v. Legacy Health Services (July 5, 2001), Cuyahoga App. No. 78536, this court recently set forth the analytical framework for reviewing an age discrimination claim. A plaintiff may make out a prima facie case of age discrimination in one of two ways. As set forth in Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, a plaintiff may use direct evidence of age discrimination which tends to show by a preponderance that the employer was motivated by discriminatory intent in discharging the employee. In order to prevail, the appellant must prove discriminatory intent. Mauzy, supra.
Absent direct evidence, a plaintiff may use indirect evidence by satisfying the four-part analysis provided by Barker v. Scovill (1983),6 Ohio St.3d 146, 451 N.E.2d 807, which stems from the United States Supreme Court's decision in McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. Pursuant to this line of cases, a plaintiff is required to show that (1) the employee belonged to a statutorily protected class, (2) the employer discharged the employee, (3) the employee was qualified for the position from which discharged, and (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the statutorily protected class. Barker v. Scovill (1983), 6 Ohio St.3d 146, 451 N.E.2d 807, paragraph 1 of the syllabus.
The appellant posits that the United States Supreme Court changed the requirements of a prima facie case in O'Connor v. Consolidated Coin Caterers Corp. (1996), 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433. However, O'Connor is distinguishable because the Court stated in footnote 1 that its treatment of the case was as a non-reduction-in-force case.[1]
When considering a termination due to a reduction in force based upon economic necessity, the court in Mack v. B.F. Goodrich Co. (1997),121 Ohio App.3d 99, 699 N.E.2d 97, held that the age discrimination plaintiff who has been terminated carries a greater burden of supporting charges of discrimination than an employee who was not terminated for similar reasons. Where a company is reorganizing or reducing its work force, a plaintiff-employee must present additional direct, circumstantial, or statistical evidence that age was a factor in the termination in order to establish a prima facie case. Ridenour v. Lawson Co. (C.A.6 1986), 791 F.2d 52, 57. An employee may demonstrate that a comparable non-protected person was treated better. Ercegovich v. Goodyear Tire Rubber Co. (6th Cir. 1998), 154 F.3d 344.
The employer may overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for the plaintiff's discharge. Barker v. Scovill (1983), 6 Ohio St.3d 146. Finally, the plaintiff must be allowed to show that the rationale set forth by the employer was only a pretext for unlawful discrimination. Barker. See also Byrnes v. LCI Communications Holdings Co. (1996),77 Ohio St.3d 125, 672 N.E.2d 145. At all times, however, the ultimate burden of persuasion remains upon the plaintiff. See Reeves v. Sanderson Plumbing Products, Inc. (2000), 530 U.S. 133, 120 S.Ct. 2097,147 L.Ed.2d 105 citing to Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248,253, 67 L.Ed.2d 207, 101 S.Ct. 1089 (1981).
In the case sub judice, the appellant seeks to establish his claim of age discrimination through the McDonnell Douglass burden-shifting framework. There is no question that the appellant meets the first three parts the prima facie test since he belongs to a statutorily protected class, he was discharged, and he was clearly qualified for the position from which he was discharged. The issue is whether or not the appellant met his burden by presenting direct, circumstantial, or statistical evidence that age was a factor in the termination of his employment. Isolated stray remarks cannot support a discrimination claim. Dobozy v. Gentek Building Products, Inc. (Nov. 22, 2000), Cuyahoga App. No. 77047, citing to Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,701 N.E.2d 1023.
Here, the appellant's evidence was insufficient to establish the fourth element of a prima facie case. The fact that Mr. Perlik referred to the appellant as a dinosaur is not probative because this occurred prior to the appellant's employment with Alltel and at a time when Mr. Perlik was not the appellant's supervisor. The appellant testified during his deposition that he understood the 40th birthday gesture by his office to be a joke and, again, it is not probative evidence because this was done while the appellant worked for GTE[2], not Alltel. As to the statements made by the appellee that his subordinates informed him that the word dinosaur was used regarding him, these are isolated stray remarks which cannot support the appellant's claim of age discrimination. See Dobozy, supra.
While the appellant's work was divided between two persons in the non-protected class after his departure, these two managers were not similarly situated because there is no evidence either was ever placed on an action plan. Additionally, the appellee presented unrefuted evidence that a similarly situated manager in Toledo, Ohio, who was not a memeber of the protected class, was also terminated after having been placed on an action plan. The appellant presented no statistical evidence or expert testimony to indicate that his termination was motivated by discriminatory intent. Finally, the appellant points to the email sent to the sales team after his departure. When this email is read in its entirety, there is no mention of the appellant by name and the use of the word dinosaur in a sentence regarding restructuring the sales department is not sufficiently[3] specific to indicate a discriminatory animus.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Additionally, we note that the O'Connor Court held that discrimination against employees is not banned because the employee is 40 years or older, but discrimination is banned against employees because of their age. The fact that one person in the protected class has lost out to another person in the protected call is thus irrelevant, so long as he has lost out because of his age. (Emphasis original.) The court found that the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.
[2] The appellant's date of birth is June 5, 1959 and he turned forty on June 5, 1999. Alltel became his employer in July, 2000.
[3] The appellant was asked during his deposition if the email referenced him in any way, he responded that, I don't believe my name was on it. (Karaba depo T. 97).