JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Rosa Dabney-Hall, appeals the trial court's decision, which granted summary judgment in favor of appellee, The Cleveland Clinic Foundation ("CCF"). After a thorough review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 3} On March 15, 2006, Dabney-Hall filed a lawsuit against CCF alleging that CCF discriminated against her due to her age, in violation of R.C. 4112.99 and public policy. On May 31, 2006, the trial court granted CCF's motion to dismiss the public policy claim. On March 12, 2007, CCF filed a motion for summary judgment, which was granted by the trial court on August 8, 2007. On September 6, 2007, Dabney-Hall filed her notice of appeal.
 {¶ 4} The facts that lead to this appeal began in September 2005. Dabney-Hall worked as a nursing assistant at CCF since 1996. In September 2005, she applied for a position within the Foundation titled Account Representative III, which is a customer service position. An account representative "performs cash applications, data entry * * * [and] executes policies and procedures to insure the timely resolution of the patient service and third party reimbursement issue to foster an environment of total customer service responsiveness * * *." *Page 4 
 {¶ 5} Minimum qualifications for the position included at least one year of business experience using a computer and involving customer contact. Courses in accounting, finance, or a related field could be substituted for six months of that experience. If a candidate had an associate's degree in a related field, that would substitute for the required one year of experience. The position required "knowledge of patient account information, which includes cash applications, data entry, unit support functions or correspondence."
 {¶ 6} Three applicants were considered minimally qualified for the position. Elizabeth Kay, a human resources representative, interviewed Dabney-Hall (51 years old), Shemekia Love (21 years old), and Tonya Adams. Dabney-Hall and Love had second interviews with Sam Lombardo, the department supervisor. Love had also been a patient care nursing assistant at CCF. Dabney-Hall had worked at CCF for over ten years, while Love had worked there for almost three years.
 {¶ 7} According to Lombardo, he hired Love because of her more recent business experience and because he felt that Love was interested in a long-term position, whereas Dabney-Hall was interested in the position "as a stepping stone so that she could eventually obtain a position doing accounting. She also stated her desire to obtain a further degree in accounting. However, despite ample opportunity, Ms. Dabney-Hall did not mention or discuss her experiences with finances beyond what is stated on her resume." Appellant's resume indicates that she was a tax preparer at HR Block from 1975-1976. *Page 5 
 {¶ 8} CCF considered Dabney-Hall minimally qualified because she had an associate's degree in accounting and had experience preparing taxes. However, according to Lombardo, "at the time of my decision I was not aware that Dabney-Hall had any experience in the financial field beyond what was stated on her resume. Accordingly, I believed that Dabney-Hall's financial experience was limited to a short-term seasonal tax preparer position held thirty years ago * * *." In her deposition, Dabney-Hall indicated that she had been preparing taxes for years, but admitted that her resume did not mention that she continues to do tax preparation work.
 {¶ 9} Love did not have an associate's degree; however, CCF considered her minimally qualified based on other factors, including data entry experience, customer service experience, and college courses. She had attended Cuyahoga Community College for one year, majoring in health and business administration. She also had completed a business marketing technology program in 2002. In that program, she acquired computer programming skills and administrative skills. She also worked in the travel office at CCF, performing data entry and filing. As a nursing assistant, she answered phones, assisted secretaries with charts, and conducted patient satisfaction surveys via telephone.
 {¶ 10} According to Lombardo's affidavit, "the primary reason I offered the position to Love instead of Dabney-Hall was because I believed that Love viewed the position as a long-term assignment. In contrast, Dabney-Hall viewed the position as *Page 6 
a short-term assignment. I had a strong preference for someone who viewed the position as a long-term assignment because searching for and training an Account Representative III takes time * * *. Moreover, an experienced Account Representative III is generally more effective than someone new to the position."
 {¶ 11} Dabney-Hall appeals, asserting one assignment of error for our review.
 {¶ 12} "I. The lower court erred in granting summary judgment as there were triable issues of fact regarding the pretextual nature of appellee's proffered reason for denying appellant the position she sought."
 {¶ 13} Dabney-Hall argues that the trial court erred in granting CCF's motion for summary judgment. More specifically, she alleges that genuine issues of material fact remain regarding whether CCF's reason for denying her the position were pretextual. We find no merit in her argument.
 {¶ 14} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267. *Page 7 
 {¶ 15} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 16} In Dresher v. Burt, 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstratethe absence of a genuine issue of fact or material element of thenonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 17} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (May 18, 1993), Scioto App. No. 92CA2052. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be *Page 8 
overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (Dec. 31, 1990), Cuyahoga App. No. 57742.
 {¶ 18} R.C. 4112.02(A), which sets forth unlawful employer discriminatory practices, states that it is "[a]n unlawful, discriminatory practice for any employer, because of the race, color, religion, sex, national origin, handicap, age or ancestry of any person to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions or privileges of employment, or any matter directly or indirectly related to employment."
 {¶ 19} In Byrnes v. LCI Communication Holdings Co. (1996),77 Ohio St.3d 125, 128-129, 672 N.E.2d 145, the Ohio Supreme Court stated that a plaintiff-employee may prove a claim of employer discrimination pursuant to R.C. 4112.02 by direct or indirect circumstantial evidence. "Discriminatory intent may be established indirectly by the four[-]part analysis set forth in Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146,451 N.E.2d 807, adopted from the standards established in McDonnellDouglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817,36 L.Ed.2d 668. The Barker analysis requires that the plaintiff-employee demonstrate `(1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of a person not belonging to the protected class.'" Id., paragraph one of syllabus. *Page 9 
 {¶ 20} After establishing a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. McDonnell Douglas Corp., 411 U.S. at 802. If the defendant articulates such a reason, any inference of intentional discrimination drops from the case, and the burden shifts back to the plaintiff to offer "specific proofs and rebuttals" showing that discriminatory animus motivated the defendant's decision to terminate employment. St. Mary's Honor Ctr v. Hicks (1993), 509 U.S. 502, 507,113 S.Ct. 2742, 125 L.Ed.2d 407.
 {¶ 21} Essentially, the plaintiff must provide evidence that the defendant's proffered reason was pretextual by showing that the proffered reason has no basis in fact, did not actually motivate the adverse action, or was insufficient to motivate the adverse action.Abbott v. Crown Motor Co., Inc. (C.A.6, 2003), 348 F.3d 537, 542-53. Evidence of pretext creates a genuine issue of material fact as to whether the decision was motivated by an impermissible factor. Id.
 {¶ 22} Inconsistencies in the proffered reason can also establish pretext. Tinker v. Sears, Roebuck Co. (C.A.6, 1997), 127 F.3d 519,523. "The factfinder's disbelief of [the employer's proffered reason] may, together with the elements of the prima facie case, suffice to show intentional discrimination." St. Mary's Honor Ctr. v. Hicks, supra.
 {¶ 23} Here, it is undisputed that Dabney-Hall can establish a prima facie case. She was a member of a statutorily protected class (age); she suffered an adverse *Page 10 
employment action (not offered the position she sought); CCF considered her minimally qualified for the position; and a younger person was hired instead (Love, age 21). CCF has provided a nondiscriminatory reason, which included lack of recent business experience and lack of interest in a long-term position. Therefore, in order to survive summary judgment, Dabney-Hall must offer evidence that these proffered reasons are pretextual.
 {¶ 24} A review of the record shows that both of CCF's proffered reasons have factual bases. CCF's first reason for choosing Love is that she has more recent relevant business experience. Both applicants worked outside of the patient financial services department. Love's resume showed that she worked in the travel office, performing data entry and filing. As a nursing assistant, she answered phones, assisted secretaries with charts, and conducted patient satisfaction surveys via telephone. In addition, she had attended Cuyahoga Community College for one year, majoring in health and business administration. In 2002, she completed a business marketing technology program. In that program, she acquired computer program skills and administrative skills.
 {¶ 25} Appellant attached her resume to the application in lieu of filling out the questions regarding experience. Her resume indicated that she has an associate's degree in accounting and that she had prepared taxes 30 years ago. Further, although she earned an associate's degree in accounting 17 years ago, her resume did not indicate that she had held a job that utilized that degree. According to *Page 11 
Lombardo's affidavit, Dabney-Hall failed to mention any experience beyond that included in her resume. Dabney-Hall testified in her deposition that she has been preparing income taxes in recent years; however, according to Lombardo, this was not included in her resume, nor did she mention it at the interview. Dabney-Hall also testified that this information was not presented to Lombardo.
 {¶ 26} CCF's second nondiscriminatory reason for turning down Dabney-Hall's application is that Love viewed the position with long-term interest, while Dabney-Hall indicated that she was interested in using the job as a stepping stone for an accounting degree and a better accounting position. Based on consideration of each of the applicants' business-related experience and commitment to the position, Lombardo chose to hire Love over Dabney-Hall.
 {¶ 27} Dabney-Hall has not shown that CCF's proffered reasons had no basis in fact, that they did not actually motivate the adverse action, or that they were insufficient to motivate the adverse action. In fact, she admits that she was interested in using the job as a stepping stone and that her recent tax experience was not included in her resume. Further, there is no evidence that her tax experience would have changed Lombardo's decision because he was very interested in finding a long-term hire.
 {¶ 28} Following review, we find that Dabney-Hall has not presented sufficient evidence to show that CCF's proffered reasons were pretextual and did not motivate the adverse action. We additionally find that CCF's reasons would indeed be *Page 12 
sufficient to motivate the adverse action. Therefore, because Dabney-Hall failed to carry her burden of demonstrating that CCF's reasons were pretextual, summary judgment in favor of CCF was appropriate. Accordingly, Dabney-Hall's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR. *Page 1